THE PHIFER STATE BANK v. LILLIAN J. WATKINS, Individually and as Executrix of the Last Will and Testament of J. D. Watkins, deceased, and THE COMMERCIAL BANK & TRUST COMPANY, as Administrator with the Will Annexed of the Estate of J. D. Watkins, Deceased. (Two cases.)

191 So. 8
Division B
Opinion Filed June 6, 1939
Rehearing Denied September 12, 1939

*Adkins & Arnow, J. C. Adkins* and *Winston E. Arnow,* for Appellant;

*Frank R. Greene,* for Appellees.

PER CURIAM.—The records in the above styled cases show that since the order of dismissal dated April 20, 1935, and the order denying a petition to vacate and set aside the aforesaid order made and entered under date of February 8, 1937, in the case of Lillian J. Watkins, as Executrix, etc., *et al.,* v. Mrs. W. C. Johnson, *et al.,* a case this day reversed by this Court, the Phifer State Bank directed an execution on its said judgment previously obtained against the Watkins Estate on lands situated in Alachua County, Florida, and in Marion County, Florida, then appearing in the name of J. D. Watkins, and the lands were advertised and sold at sheriff's sale and deeds to the lands situated in Marion and Alachua Counties taken in the name of Phifer State Bank.

The representatives of the Watkins Estate filed in the Circuit Court of Alachua County and in the Circuit Court of Marion County a bill in equity for the purpose of restraining and enjoining the Phifer State Bank from in any manner attempting to alienate, encumber or dispose of said

lands situated in Alachua and Marion Counties bought at sheriff's sale under the aforesaid execution. Counsel for Phifer State Bank directed a motion to dismiss the amended bill of complaint and a motion to strike described portions thereof in the two suits, and, on hearing, orders were made and entered denying each motion, and an appeal taken from these interlocutory orders to this Court. We fail to find error in either of these orders. The cases here are ruled by the case of Lillian J. Watkins, as Executrix, etc., *et al.,* v. Mrs. W. C. Johnson, *et al.,* this day decided.

The orders appealed from are affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing in the above styled cases, it has been suggested that since the 20th day of April, 1935, the date of the order of dismissal of the case of Lillian J. Watkins, as Executrix, *et al.,* v. W. C. Johnson, *et al.,* entered by the Circuit Court of Alachua County, Florida, being a suit to administer upon the J. D. Watkins Estate by the Circuit Court of Alachua County, Florida, lands owned by said Estate situated in Alachua and Marion Counties, Florida, have been sold under a writ of execution in the case of Phifer State Bank v. Watkins Estate and title thereto taken at said sale in the name of the said Phifer State Bank in consideration of a bid therefor at a sum considerably less than the true market value of said lands so purchased at execution sale.

It is pointed out in the petition for a rehearing that an error exists in the opinion as to the correct date or dates when the sale thereof was held in each of said counties. A recheck of the record shows that the sale in Alachua County, Florida, under said writ of execution was had on the rule day in August, 1935, while the sale of the land situated in Marion County, Florida, was held on the rule day in March, 1936.

The lower court entered an order overruling and denying the motion to dismiss the amended bill of complaint, and overruled a motion to strike described portions thereof. We think the bill of complaint contains equity and there was no error on the part of the lower court in so holding.

It is next contended that the ruling in the case of Lillian J. Watkins, as Executrix, *et al.,* v. Mrs. W. C. Johnson, *et al.,* a case this day decided, should *not* control the cases at bar. The answer to this argument is, if the Watkins, Executrix, v. Johnson case is one to administer the property and assets of the J. D. Watkins Estate, and the circuit court had jurisdiction thereof under a bill of complaint brought by the representatives thereof containing all the essential allegations provided or required by Section 5653 C. G. L., and the lower court, after notice to the parties and upon a hearing before it, granted an injunction or restraining order against the Phifer State Bank enforcing the said execution by levying upon and selling the land owned by the estate as alleged in the amended bill of complaint in the cases at bar, then the lower court was in error in entering its order of April 20, 1935, dismissing the same as an equity suit, the effect of which was to permit or allow the Phifer State Bank to direct its writ of execution on the judgment previously obtained against the Watkins Estate on property of the estate situated in Alachua and Marion

Counties and obtain a deed to property of considerable value for an inadequate consideration at a time when the court was administering the estate. The fact that steps were not taken for several months in connection with the administration of the estate by the circuit court was no lawful reason for entering an order of dismissal.

Careful consideration has been given to each ground of the petition for a rehearing and the same is without merit. The petition for a rehearing is hereby denied.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.