PERCY EUGENE POURNELLE, *et al.,* v. E. G. BAXTER, E. A. CLAYTON, FANIDA BAKER HAWKINS, *et al.*

195 So. 163
Opinion Filed March 29, 1940
Rehearing Denied April 18, 1940

*Fielding & Duncan,* for Appellants;

*Davis & Davis, Baxter & Clayton* and *Clara B. Floyd,* for Appellees.

PER CURIAM.—This appeal is from a chancery decree dismissing on motion a bill of complaint in the Circuit Court of Alachua County. The decree dismissing the bill of complaint contains the following:

"'* * * The Probate Act of 1933 and particularly Sections 38 and 64 thereof, together with the repealing clause in said Act contained, vest jurisdiction of the subject matter of this suit in the Probate Court of Alachua County, Florida.

"Section 38 of said Act provides in part that, 'The County Judge shall have jurisdiction of * * * the establishment of lost or destroyed wills * * * and of all other matters usually pertaining to the courts of probate. The

first sentence of Section 64 of said Act reads, 'The establishment and probate of a lost or destroyed will shall be in one proceeding.' The repealing clause of the Probate Act reads, "All other laws and parts of laws in conflict with this Act or any part thereof, are hereby repealed.'

"Circuit courts have no jurisdiction to probate wills, and it appears from the above quoted sections that the establishment of lost or destroyed wills and the probate thereof shall be in one proceeding, which can only be in the court having jurisdiction to probate the lost or destroyed will. For these reasons, this Court has reached the conclusion that the motion to dismiss the bill should be granted. It is therefore,

"ORDERED, ADJUDGED AND DECREED, That the motion of the defendants to dismiss the bill of complaint be, and the same is hereby granted.

"DONE AND ORDERED in Chambers at Panama City, Bay County, Florida, on this 17th day of May, A. D. 1939,

IRA A. HUTCHISON
"Judge *pro haec vice.*"

The decree was modified so as to read as follows:

"The motion of defendants to dismiss the bill of complaint be, and the same is hereby, granted, but without prejudice to the rights of the complainants to bring or institute any other action or proceeding either at law or in equity, or in the probate court of Alachua County."

The bill prayed that a will alleged to have been executed April 12, 1930, by Fannie A. Baird, deceased, "be ordained and established, and by this (circuit) court said will be decreed to be the last will and testament of Fannie A. Baird, deceased, and that said will be probated and put into full force and effect. That the writing that is pretended to be a will of Fannie A. Baird, deceased (dated

August 11, 1934), be decreed to be no will, and not the will of Fannie A. Baird, deceased, and by the court decreed to be false, spurious, fraudulent, and that it be cancelled, annulled, expunged from all records and made forever frustrate."

The bill of complaint also contains allegations and prayers seeking many different elements of incidental and supplemental relief, at least some of which might be appropriate upon proofs if the main relief sought, viz., the establishment of one will and the cancellation of another will of the same person, may at this time be adjudicated in equity.

This Court should first determine whether the circuit court having general equity powers under the Constitution, should at this time take cognizance of this suit, even though the county judge's court has no jurisdiction to give some of the relief prayed and the circuit courts may grant full relief if it properly should take jurisdiction of the main subjects of the suit. The 1934 will is now being administered by the county judge's court as expressly authorized by the Constitution and the statutes; and such court has jurisdiction to revoke a will establish a will and probate a will. If the county judge's court cannot grant all of the relief that may be incidental to the revocation, the establishment and the probate of a will, then resort may be had to equity courts in proper cases, where some other court has not duly taken jurisdiction to give proper incidental or supplemental relief as may be appropriate.

The Constitution provides that "The circuit courts shall have exclusive original jurisdiction in all cases in equity, * * * They shall have * * * supervision and appellate jurisdiction of matters arising before county judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the Legislature

may provide. The circuit courts and judges shall have power to issue writs of mandamus, quo warranto, certiorari, prohibition, habeas corpus and all writs proper and necessary to the complete exercise of their jurisdiction." Section 11, Article V.

"The county judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate." Section 17, Article V, Constitution.

The Probate Act of 1933 contains the following:

"The county judge shall have jurisdiction of the administration, settlement and distribution of estates of decedents, the probate of wills, the establishment of lost or destroyed wills, the granting of letters testamentary and of administration, and of all other matters usually pertaining to courts of probate. (Ch. 16103, Acts of 1933, Sec. 38.)." Sec. 5541 (1) C. G. L., Perm. Supp. 1936.

"Section 63. EFFECT OF PROBATE.—A will must be probated after the death of the testator in order to establish its validity. The probate of a will, unless revoked, or reversed upon appeal, shall be conclusive, in any collateral suit or controversy relating to any of the property, real or personal, thereby devised or bequeathed, of the due execution of the will by a competent testator, of his own free will, and that such will at the date of the testator's death was unrevoked." Sec. 63, Chap. 16103, Acts 1933, Sec. 5541 (62) C. G. L. Perm. Sup.

"Section 64. ESTABLISHMENT AND PROBATE OF LOST AND DESTROYED WILLS.—The establishment and probate of a lost or destroyed will shall be in one proceeding. Upon

the probate of such a will the county judge shall, as a part of his order admitting same to probate, recite and thereby establish and preserve the full and precise terms and provisions of such will." Sec. 64, Chapter 16103, Acts of 1933, Sec. 5541 (63) C. G. L., Perm. Supp., 1936.

"Section 67. REVOCATION OF PROBATE.—Any heir or distributee of the estate of a decedent, including legatees or devisees under a prior will, except those who have been served with citation before probate or who are barred under the preceding section, may at any time before final discharge of the personal representative, make application by petition, to the court in which the probate of any will may have been granted, for revocation of such probate. The petition shall set forth the interest of the petitioner in such estate and the facts constituting the grounds upon which revocation is demanded. * * *

"Pending the determination of any issue made for revocation of probate, the personal representative shall proceed with the administration of the estate as if no such issue had been made, except that no distribution may be made to legatees or devisees in contravention of the rights of those who but for such will would be entitled to the property disposed of thereby." Sec. 67 of Chapter 16103, Acts of 1933, Sec. 5541 (66) C. G. L., Perm. Supp., 1936. Conflicting laws were repealed by the Probate Act.

It is not made to appear that the will of 1934 has been revoked, nullified or modified in any way, but on the contrary it appears that such will has been probated and is now being administered in the county judge's court.

While the Constitution gives to the circuit court exclusive original jurisdiction of all cases in equity; the Constitution also confers upon the county judges jurisdiction to take

probate of wills and to discharge the duties usually pertaining to courts of probate.

Courts of equity have not been given express jurisdiction to take probate of wills or to revoke or to cancel wills or exclusive jurisdiction to establish lost or destroyed wills; and statutes may confer upon county judges as probate judges, jurisdiction of the establishment of lost or destroyed wills as a part of the duties usually pertaining to courts of probate, within the intendments of the Constitution.

As the court of equity has not express power to probate or to revoke a will and as the county judge, being a probate judge, has jurisdiction to take probate of wills, to revoke wills that have been probated and to establish lost or destroyed wills, and has probated the will of 1934 now being administered in that court under the Constitution and laws of Florida, a proceeding that is primarily designed to have one will revoked, annulled or cancelled and to establish and probate another will of a prior date alleged to be the last will of the decedent, should be brought in the county judge's court as a court of probate. If the county judge's court cannot give all the relief that may be properly claimed by plaintiffs, resort may then be had to other courts having jurisdiction as to matters collateral, incidental or supplemental to the main relief that may be given by the court of probate, in appropriate proceedings with proper parties.

Affirmed.

TERRELL, C. J., WHITFIELD, BROWN and BUFORD, J. J., concur.

CHAPMAN, J., disqualified.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.