DAISY TYRE, *et al.,* v. JACK W. WRIGHT, Individually and as Administrator of the Estate of Edwin H. Haddon; *et al.*

197 So. 846
Special Division A
Opinion Filed July 26, 1940
Rehearing Denied October 12, 1940

*C. B. Peeler,* for Petitioners;

*James H. Bunch,* for Respondents.

CHAPMAN, J.—The record in this case discloses that Edwin R. Haddon died, intestate, in Duval County, Florida, on July 29, 1930, and at the time of his death was seized and possessed of real estate and personal property situated in Duval County, Florida; that Jesse L. Hadden, son of the deceased, was by the County Judge's Court of Duval County appointed administrator of said estate, but was removed by the court, when the decedent's son-in-law, Jack W. Wright, on February 6, 1931, was by the County Judge of Duval County, appointed administrator *de bonis non* of said estate, gave bond, qualified and entered into the duties of the administrator thereof. .

Notice to creditors was published in The Floridian from August to October, 1930, requiring creditors having claims against the estate to present them to the County Judge's Court of Duval County, Florida, and a number of claims were filed, and some were approved, while others were disapproved. Application had been made by the administrator to the County Judge's Court of Duval County for an order allowing and approving the sale of land of the estate, the personal property having been fully exhausted with which to pay the debts and unpaid obligations of the estate. While some progress appears to have been made toward closing the administration of said estate, the same was not closed and the administrator discharged as contemplated by law.

On March 6, 1937, some of the heirs of the late Edwin R. Haddon filed in the Circuit Court of Duval County a bill of complaint, which was subsequently amended, in equity

praying for: (a) partition of the land owned by the late Edwin R. Haddon among his said heirs; (b) that the equity court assume jurisdiction of the administration of said estate then being administered upon by the county judge's court to the exclusion of the County Judge's Court of Duval County; (c) that certain claims against the estate by decree be disapproved; (d) that an accounting be decreed. Other relief was sought but a disposition of this case does not require that the same be set out *in extenso*.

The several defendants filed answers to the bill of complaint as amended, and likewise a counter claim in the form of an answer, when the cause was reached for final hearing. The lower court entered a final decree closing the administration of the estate of Edwin R. Haddon; decreed the removal of a cloud appearing on the title to the land owned by the estate; adjudicated the interests of all the parties to the suit, and ordered a partition of all of the said land and property.

Material portions of the final decree are, viz.:

"e. It appearing to the Court and the Court finding from the record herein that Edwin R. Haddon, deceased, departed this life intestate, being at the time of his death, a widower, and leaving him surviving as his sole heirs at law his eight children, to-wit: Robert Earl Haddon, unmarried, Jesse L. Haddon, married, wife's name is May J. Haddon, *Adbul* Haddon, unmarried, Daisy E. Tyre, married, husband named Carl E. Tyre, Lillie E. Duncan, widow, Rose E. Wright, married, wife of Jack W. Wright, Eugene F. Haddon, unmarried, Ella N. Haddon Moore, wife of C. E. Moore, and that subsequent to the institution of this suit Robert Earl Haddon has departed this life intestate, never having married, so that his one-eighth undivided interest in the estate of his deceased father in the hands of the ad-

ministrator of his deceased father's estate for distribution, passed and became vested in his seven brothers and sisters, so each are entitled to a one-seventh interest and share in the assets of the hands of Jack Wright as Administrator, of their deceased father's estate, and for which said administrator and sureties on his bond, to-wit: J. P. Turner and C. C. McAllister, Sr., are jointly and severally liable, and the following heirs and children of said deceased Haddon are allowed and awarded the following sums out of and from their deceased father's estate now in the hands of administrator of same to be distributed, to-wit:

| | |
|---|---|
| Jesse L. Hadden, balance after allowing administrator credit for $15.00 shown to have been advanced by the administrator to him | $ 19.77 |
| Abdul Haddon | 34.77 |
| Daisy E. Tyre | 34.77 |
| Lillie B. Duncan | 34.77 |
| Rose E. Wright | 34.77 |
| Eugene F. Haddon | 34.77 |
| Ella N. Haddon Moore | 34.77 |
| | $243.39 |
| Amount to be distributed | $243.39 |
| Amount distributed | 243.39 |
| Balance | 000.00 |

and that judgment should be entered herein in behalf of the foregoing children and heirs at law of Edwin R. Haddon, deceased for the respective sums opposite their names as aforesaid, and against Jack Wright as administrator and J. P. Turner and C. C. McAllister, Sr., as sureties on his bond.

"It Is Therefore Considered, Ordered and Decreed by this Court that the aforesaid children and heirs at law of Edwin R. Haddon, deceased, do each respectively, have and recover of and from Jack W. Wright and C. C. McAllister, Sr., and J. P. Turner, as sureties on the administrator's bond of the said Jack Wright, as aforesaid, the following sums, to-wit:

| | |
|---|---|
| Jesse L. Hadden, balance after allowing administrator credit for $15.00 shown to have been advanced him by administrator | $ 19.77 |
| Abdul Haddon | 34.77 |
| Daisy E. Tyre | 34.77 |
| Lillie B. Duncan | 34.77 |
| Rose E. Wright | 34.77 |
| Eugene F. Haddon | 34.77 |
| Ella N. Haddon Moore | 34.77 |
| | $243.39 |

for their damages, each respectively; and that execution do issue in behalf of each of the aforesaid heirs and children of Edwin R. Haddon, deceased, for the foregoing amounts adjudged due and payable to each respectively and against Jack W. Wright, J. P. Turner and C. C. McAllister, Sr., as sureties on said administrator's bond.

"f. This court having assumed jurisdiction of the administration of the Estate of Edwin R. Haddon, deceased, and an accounting having been made to this Court of the administration of said estate and the claims against the same, together with the costs of administering the estate having been found and stated by the court as above, the statement of the foregoing account of said administrator and the liability of the administrator and surety on his bond,

as aforesaid, are approved by this court and distribution of the assets of the estate of Edwin R. Haddon, deceased, remaining in the hands of the administrator to be distributed having been ascertained and allowed, as aforesaid whereby the estate of Edwin R. Haddon, deceased, has been fully administered and the administration of said estate should be closed and the administration of said estate is hereby decreed completed and closed."

On the 1st day of April, 1940, the lower court entered an order staying the final decree previously entered, when the case of Crosby v. Burleson, 142 Fla. 443, 195 So. 202, was brought to his attention. On June 20, 1940, the lower court entered an order granting a petition for a rehearing. On July 8, 1940, plaintiffs in the court below, as petitioners, applied to this Court for a writ of certiorari seeking to quash (a) the stay order entered by the lower court on April 1, 1940; and (b) the order dated June 20, 1940, granting the prayer of a petition filed by some of the defendants below seeking a rehearing in said cause.

Chapter 16103, Acts of 1933, Laws of Florida, commonly referred to as the "1933 Probate Act," is inapplicable to the case at bar. The facts here are controlled by the probate law in effect prior to the enactment of Chapter 16103, *supra*. The real estate owned by a decedent shall be liable for his debts and shall descend to the heirs or devisees subject to said indebtedness. See Section 5629 C. G. L. Sections 5630 and 5631 C. G. L. provide the proceeding to be followed in allowing an order for the sale of real estate.

Section 17 of Article 5 of the Constitution of Florida of 1885 provides:

"Section 17. The County Judge shall have original jurisdiction in all cases at law in which the demand or value of

property involved shall not exceed one hundred dollars; of proceedings relating to the forcible entry or unlawful detention of lands and tenements; and of such criminal cases as the Legislature may prescribe. The County Judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate. He shall have the power of a committing Magistrate and shall issue all licenses required by law to be issued in the county."

When the circuit court assumed jurisdiction and undertook to administer upon the estate of Edwin R. Haddon, the effect thereof was to deprive the County Judge's Court of Duval County of a case provided for by Section 17 of Article 5 of the Constitution. The record shows that the county judge's court had issued letters of administration *de bonis non;* notice to creditors had been published, claims had been presented, and some approved and some disapproved. It had been made to appear in the county judge's court that the assets of the estate were insufficient to pay the indebtedness thereof, and an order was desired allowing a sale of the real estate and from the moneys arising therefrom the debts could be paid. The fact that unreasonable delays occurred in closing the administration of the estate is legally insufficient to deprive a court of its constitutional jurisdiction.

The bill of complaint, as amended, is legally insufficient in allegations to bring the case at bar within the provisions of Section 5653 C. G. L., where a chancery court will administer an estate "upon the suggestion of the probable insolvency thereof" where the estate shall exceed the gross

value of $500.00. The case made by the bill of complaint as amended shows the estate to be solvent. See Watkins v. Johnson, 139 Fla. 712, 191 So. 2; Phifer State Bank v. Watkins, 139 Fla. 726, 191 So. 8.

In the case of Crosby v. Burleson, 142 Fla. 443, 195 So. 202, this Court considered and decided a case similar to the case at bar, and in part said:

"Under the provisions of Section 11, Article V, of the Constitution, the Circuit Courts have supervisory jurisdiction over the matters arising before County Judges pertaining to their probate jurisdiction or to the estates and interests of minors and of such other matters as the Legislature may provide, and the Circuit Courts have appellate jurisdiction over the County Judges in such matters.

"In the instant case the attempt is not to invoke supervision by the Circuit Court over the County Judge but the attempt is to have the Circuit Court take the matter of settlement of estates out of the hands of the County Judge and make the necessary orders and decrees regarding the settlement of the estates. Even if concurrent jurisdiction existed, which we hold does not now exist, the County Judge's Court having assumed jurisdiction of the settlement of the estates of both the decedent testators, the Circuit Court should not attempt to oust that jurisdiction. This principle is so well settled as to require citation of no authorities.

"The bill of complaint alleges no facts to show that all relief sought could not be obtained, or the rights of the parties determined by proper application to the County Judge having jurisdiction of the subject matter and the parties."

See Pournelle v. Baxter, 142 Fla. 517, 195 So. 163. We think the case at bar is ruled by Crosby v. Burleson and

Pournelle v. Baxter, *supra*. We find no error in the stay order or in the order granting a rehearing. It will be presumed that the lower court will follow and apply the law when considering the case on rehearing.

The petition for a writ of certiorari is hereby denied.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.