STATE *ex rel.* JOHN RINGLING NORTH, Individually and as Executor of the Estate of John Ringling, Deceased, *et al.*, Relators, v. HONORABLE GEORGE W. WHITEHURST as Judge of the Twelfth Judicial Circuit, Sarasota County, Florida, and UNITED STATES OF AMERICA, Respondents.

1 So. (2d Series) 175
En Banc
Opinion Filed December 3, 1940
On Application to Clarify Supreme Court's
Order, January 10, 1941
Rehearing Denied April 4, 1941

*Henry L. Williford, James E. Kirk, John F. Burket,* for Relators;

*George Couper Gibbs,* Attorney General, *John L. Graham,* and *Lawrence A. Truett,* Assistant Attorneys General, for Respondents.

PER CURIAM.—Upon consideration of the suggestion of above named relators for writ of prohibition:

The application for writ of prohibition will be denied because we cannot say there is any ground for equitable relief stated in the bill of complaint. We do not intend to intimate that we hold that the circuit court has jurisdiction to appoint receiver to supersede and oust the executors appointed by the county judge as judge of probate or to oust the jurisdiction of the county judge to adjudicate questions exclusively in the jurisdiction of the probate court.

The writ of prohibition is denied.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

ON APPLICATION TO CLARIFY SUPREME COURT'S ORDER

PER CURIAM.—This cause is before us on application of respondent to clarify that portion of our order of December 3, 1940, wherein we said: "We do not intend to intimate that we hold that the circuit court has jurisdiction to appoint receiver to supercede and oust the executors appointed by the county judge as judge of probate." . . .

The matter of ousting or removing executors is a matter within the exclusive original jurisdiction of the probate court under the provisions of the 1933 Probate Act. Such jurisdiction of the probate court may not be assumed or exercised by the court of chancery. This is true, although the court of chancery may, as a step ancillary to exercise of some recognized equity jurisdiction over certain peculiar and particular property in the hands of an administrator or executor, appoint a receiver to assume possession and control of that property because of a receivership of that particular property being necessary for its preservation as

an asset in the hands of the administrator or executor. The administrator or executor must be recognized as continuing as such until discharge by the probate court.

Where administrators or executors are charged with being guilty of fraud, mismanagement or waste in the administration of an estate the probate court has complete power and jurisdiction to determine such questions subject to review by the circuit court and then by the Supreme Court under the provisions of the 1933 Probate Act.

TERRELL, C. J., WHITFIELD, BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs specially.

CHAPMAN, J. (concurring).—It is my view that a court of equity is without jurisdiction to appoint a receiver for the estate of a decedent where it is clearly shown by the testimony that the representative of the estate commits waste, mismanages the estate and is guilty of fraud in connection with the management of the decedent's estate. The jurisdiction of the settlement of estates of decedents is by Section 17 of Article V of the Constitution of Florida conferred on the county judge. See Tyre v. Wright, 144 Fla. 90, 197 So. 846; Pournelle v. Baxter, 142 Fla. 517, 195 So. 163; Crosby v. Burleson, 142 Fla. 443, 195 So. 202.

If waste, fraud and unlawful management of the estate of a decedent is committed by a representative of an estate, this fact, in my judgment, should be brought to the attention of the county judge by a petition seeking a revocation of the letters testamentary, and after the issues are settled, testimony should be taken thereon before the county judge and if the testimony is sufficient, an order revoking the issuance of letters testamentary should be made and entered and a substitute representative should be appointed; the right to appeal from said order to the circuit court is authorized as provided for by Section 11 of Article V of the Constitution

of Florida. See County Com. Hillsborough County v. Savage, 63 Fla. 337, 58 So. 835. The case of Opitz v. Morgan, 68 Fla. 469, 67 So. 67, has not been overlooked.

Therefore, I concur specially in the majority opinion herein.

BUFORD, J., concurs.