ESTELLA A. THOMPSON, by Thomas G. Thompson, her husband, as her next friend, v. ED. W. HARRIS and C. FRANK HARRISON, as Administrators of the Estate of Fred W. Adams, deceased, and ROSE B. ADAMS, an unmarried woman.

7 So. (2nd) 854                                          En Banc
May 1, 1942

C. I. Carey, for petitioner.

Nelson Sherrod, for respondents.

CHAPMAN, J.:

This case is before the Court on petition for an interlocutory writ of certiorari. It comes here for the second time. For the first appearance see Thompson v. Harris, 148 Fla. 328, 4 So. (2nd) 385. On the going down of the mandate, the chancellor below on December 12, 1941, entered an order substituting Attorney Nelson Sherrod in the place of Hon. Edward

W. Harris, because of conflicting interests between the latter as representative of the Fred W. Adams Estate and the claims of Rose B. Adams.

On December 29, 1941, the solicitor for Rose B. Adams, filed with the clerk of the Circuit Court of Pinellas County, Florida, an amendment to the original answer of Rose B. Adams then appearing in the record, on which the cause was heard and considered by this Court. See Thompson v. Harris, *supra*. The amendment recited certain facts alleged to have grown out of the relationship of Rose B. Adams and Fred W. Adams from the first of April, 1939, until his death on June 16, 1939. These facts detail personal services rendered by her to Fred Adams, and enumerated several business transactions between Rose B. Adams and Fred W. Adams.

The amendment to the answer of Rose B. Adams asserts claims against the Estate of Fred W. Adams, deceased, viz:

"$1,000.00  Purchase of home
100.00  Furniture
22.00  Dinette Rug
20.00  Buffet
12.50  Porch rug
8.75  Chairs for porch
10.00  Repairs to house
5.00  Repairs to garage
10.00  Painting house
50.00  Painting house and garage
175.00  Landscaping
8.00  Bedroom rug
32.38  Taxes
12.70  Repairing solar system

| | |
|---|---|
| 36.73 | Insurance on furniture |
| 19.80 | Treatment of front lawn |
| 3.00 | Two trees |
| 3.25 | Plants |
| 3.50 | Coco pomosa |
| 6.50 | Yard set |
| 2.00 | Four Crotens |
| 1.00 | Hibiscus |
| 1.00 | Mountain ebony |
| 10.00 | Rose bushes |
| 4.00 | Fertilizer |
| 6.00 | Four loads of sand |
| 720.00 | Nursing and housekeeping |
| 1,280.00 | Compensation as Administratrix |
| $3,563.11 | Total."|

It is further asserted that in addition to the foregoing claim or claims against the Fred W. Adams Estate she is entitled to have restored to her as the true owner by the representative of Fred W. Adams Estate one 1939 Dodge Automobile erroneously listed as the property and part of the assets of the Fred W. Adams Estate.

The amendment to the answer prays that an order be made and entered by the chancellor, sitting as a Judge of the Circuit Court of Pinellas County, Florida; decreeing: (a) that the administrator of the Estate of Fred W. Adams be directed to pay out of the assets of said estate the aforesaid claims of Rose B. Adams; and (b) that the 1939 Dodge automobile be restored to her.

Counsel for the heirs of Fred W. Adams filed a motion to strike the amendment of Rose B. Adams to

her original answer on numerous grounds, viz: (a) is contradictory to and inconsistent with the original answer filed by Rose B. Adams; (b) that such claims are not the subject matter of either a cross bill, counter claim or affirmative relief that may be asserted or presented to the court in an answer; (c) that the amendment to the answer constitutes a complete departure in pleading and an entire abandonment of the relief sought in the original answer; (d) that the claims do not arise out of the transaction which is the subject matter of the original suit; (e) that the relief sought can or may be within the jurisdiction of the Probate Court or a full and complete remedy had in a court of law.

The chancellor below held that a court of equity had jurisdiction of the asserted claims against the Fred W. Adams Estate and accordingly, in an order dated January 17, 1942, denied the motion to strike the amendment to the original answer. The legal sufficiency of the order is challenged here on petition for an interlocutory writ of certiorari.

Section 17 of Article V of the Constitution of Florida confers on the County Judge jurisdiction of the settlement of estates of decedents. Likewise Sections 120, 121, 122 123 and 124 and 125 of Chapter 16103, Acts of 1933, known as the Probate Act, provides the manner and method of presentation of claims against the estate of a decedent. See Bill v. Stevens, 144 Fla. 307, 196 So. 811; Tyre v. Wright, 144 Fla. 90, 197 So. 846; Pournelle v. Baxter, 142 Fla. 517, 195 So. 163; Crosby v. Burleson, 142 Fla. 443, 195 So. 202; State ex rel. North v. Whitehurst, 145 Fla. 559, 1 So. (2nd) 175.

The question posed for adjudication by the court in the original answer filed by Rose B. Adams (and the testimony in support thereof) was whether or not Rose B. Adams and Fred W. Adams on the date of the death of Fred W. Adams on June 16th, 1939, were husband and wife. The original answer prayed that Rose B. Adams be adjudged the sole heir of her alleged husband, Fred W. Adams. The amendment to the original answer abandons this issue and alleges that she is a creditor of the Fred W. Adams Estate to the amount of $3,563.11, and that she is the owner of one 1939 Dodge automobile, which the Adams Estate also claims title to.

It is patent that the amendment to the original answer of Rose B. Adams seeks an order of a court of equity approving her claims and decreeing payment thereof against the Adams Estate. The original answer prayed for an order holding her to be the common law wife of Fred W. Adams and as such the sole heir of his estate. It is clear that the amendment to the original answer was inconsistent with and repugnant to the original answer by her filed. The amendment to the original answer seeks new, independent and inconsistent relief. Such an answer was improper. See Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 So. 801; Norris v. Eikenberry, 103 Fla. 104, 137 So. 128; Sitow v. Sher, 136 Fla. 284, 186 So. 519. The relief sought by the amendment here challenged is not equitable and it was error on the part of the chancellor to enter the order denying the motion to strike the same.

The petition for an interlocutory writ of certiorari is hereby granted and the challenged order is quashed,

without prejudice on the part of the respondent to adjudicate the same in the proper forum.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, JJ., concur.