W. F. BLANTON, AS JUDGE OF THE COUNTY JUDGE'S COURT, DADE COUNTY, FLORIDA and BARTLEY McMANUS, JR., as Administrator C.T.A., D.B.N. of the Last Will and Testament of Bartley McManus, v. STATE OF FLORIDA ON RELATION OF THOMAS McMANUS, as Executor of the Last Will and Testament of Lusetta McManus.

29 So. (2nd) 865
April 1, 1947
Rehearing Denied April 30, 1947

January Term, 1947
Division B

*Blackwell, Walker & Gray,* for appellants.

*Daniel P. Galen* and *Cleveland, Sibley & Davis,* for appellee.

BUFORD, J.:

On appeal we review judgment of the Circuit Court of Dade County awarding peremptory writ of prohibition against the above named appellants.

On August 1, 1939, Bartley McManus, Sr., died in the State of Pennsylvania. His will contained the following pertinent provisions:

"Second: I give and bequeath to my wife Lusetta McManus all real estate with which I may be possessed at my decease.

"Also all my personal property and effects, of whatsoever nature, and wheresoever same may be, including money in banks, stocks, notes, bonds, household goods and automobiles.

"Third: After my wife's decease, I direct that what remains of my estate be divided between my six sons and four daughters, namely, Bartley McManus, Thomas McManus, Abraham McManus, Patrick McManus, Emmett McManus, Joseph McManus, Elizabeth Foster, Alice O'Hara, Lusetta Newhart and Margaret Martin, share and share alike."

The will was first probated in the Orphans Court of Washington County, Pa., and afterwards ancillary proceedings were had in the County Judge's Court of Dade County, Florida and on February 4, 1941, Lusetta McManus having been named as Ancillary Administrator, was authorized to make distribution of the estate in Florida to herself. The estate was then at least temporarily closed.

On June 17, 1945 Lusetta McManus died testate in Dade County, Florida, after having, during her lifetime, purported to convey some of the real estate to one of her children. The will of Lusetta McManus contained the following pertinent provisions:

"First: I hereby nominate, constitute and appoint my beloved son, Thomas McManus, of Monongahela, Pennsylvania,. as Executor of this my Last Will and Testament.

"Second: I hereby appoint Daniel P. Galen Esq., of Miami Beach, Dade County, Florida, to represent my estate.

"Third: I hereby give, devise and bequeath to my beloved daughter, Lusetta Newhart, of Miami, Florida, the house and lot described as follows: Lot 8, Block 96, of Lawrence Estate Land Co.'s Subdivision, Dade County, Florida; said property being further described as 1460 S.W. 5th Street, Miami, Florida.

"Fourth: I hereby direct that all the residue of my estate, both real and personal property, shall be divided among my beloved children, Bartley McManus of Donora, Pennsylvania, Thomas McManus of Monongahela, Pennsylvania; Abraham McManus, of Miami, Florida; Patrick McManus of Donora, Pennsylvania; Emmet McManus of Miami, Florida; Joseph McManus of Turtle Creek, Pennsylvania; Elizabeth Foster of Uniontown, Pennsylvania; Alice O'Hara of Donora, Pennsylvania; Lusetta Newhart of Miami, Florida; and Margaret Martin of Miami, Florida; share and share alike. And I further direct that in the event that any of my children shall predecease me the share or shares which they would have received shall be divided equally, share and share alike, among the rest of my children."

On January 16th, 1946, Bartley McManus, Jr., filed an exemplified copy of Letters of Administration indicating that he had been designated as Administrator, C.T.A., D.B.N., of the Last Will and Testament of Bartley McManus and he made application for the issuance to him by the County Judge's Court of Dade County, Florida, of ancillary letters of administration. Thereupon, he was appointed by the County Judge of Dade County and designated as Ancillary Administrator C.T.A., D.B.N., of the Last Will and Testament of the said Bartley McManus.

On February 25th, 1946, Bartley McManus, Jr., as Ancillary Administrator, filed in said ancillary probate proceedings his sworn petition for an order to show cause in the following language:

"Your petitioner, Bartley McManus, Jr., as Administrator C.T.A., D.B.N., of the Estate of Bartley McManus, deceased, comes now and represents unto the court that he has at-

·tached hereto a true and correct copy of the report of Louis Clark, Esquire, and E. D. Keefer, Esquire, his appraisers of the estate of Lusetta McManus, which estate is being administered herein under probate file No. 16444, and wherein Your Honor has been pleased to issue letters testamentary to Thomas McManus of Monongahela, Pennsylvania, as executor, and complaining says:

"1. That the said executor of the estate of Lusetta McManus has caused to be inventoried as assets of the said estate property of a value in excess of Twenty Thousand Dollars ($20,000.00) as itemized in the report of the appraisers above referred to, as property of the said Lusetta McManus and as property owned by her at the time of her death, whereas, in truth and in fact, all of the property so listed, shown, tabulated, inventoried, appraised and claimed, was not the property of the said Lusetta McManus, at the time of her death, and the title thereto has not vested in the executor of her will, or in the legatees and devisees therein named, save and except as to the proceeds of two insurance policies upon the life of the said Lusetta McManus, in the sums of $270 and $450, respectively, as there shown. As to the remainder of the property and assets so listed, inventoried and claimed, petitioner says that the same were in fact the property of his decedent, Bartley McManus, on, to-wit, the first day of August 1939, when the said Bartley McManus departed this life, and that the said Lusetta McManus, now deceased, was given a life estate therein by and under the last will and testament of this undersigned petitioner's said decedent, Bartley McManus.

"2. That Thomas McManus as executor of the Last will and testament of Lusetta McManus, has taken possession of all of said assets, wrongfully and is claiming title thereto, for and on behalf of the legatees and distributees named in the last will and testament of his decedent, Lusetta McManus, contrary to law, and will not surrender the same into the undersigned, as ancillary administrator, C.T.A. D.B.N., of the estate of Bartley McManus, deceased, for distribution under the last will and testament of this petitioner's decedent, and in accordance with the requirements of law.

"WHEREFORE, petition prays that citation may be issued herein, directed to Thomas McManus, as executor of the last will and testament of Lusetta McManus, requiring him to answer this petition and to show cause, if any he can, why an order should not be entered herein, requiring him to surrender his possession, custody and control of and over the said assets unto the undersigned, and to relinquish his illegal claim in the premises."

Order to show cause was issued as prayed.

In response to the Rule Nisi Thomas McManus as Executor of the estate of Lusetta McManus, deceased, filed in the County Judge's Court his motion to discharge the rule in the following language:

"Comes now the Respondent, Thomas McManus, as Executor of the Last Will and Testament of Lusetta McManus, deceased, and files this his motion to discharge the rule and citation heretofere issued herein and to dismiss the petition of Bartley McManus, Jr., as Administrator C.T.A. D.B.N. of the estate of Bartley McManus, deceased, because this Court is without jurisdiction to entertain or adjudicate the issues tendered and raised by said petition in that it affirmatively appears that the respondent is in possession of and claims title to the assets of the Estate of Lusetta McManus, deceased, under and by virtue of the Last Will and Testament of said Lusetta McManus, while the petitioner claims said assets (including real property) under a different munament of title and the adjudication of the issues thus involves the titles of real property and the value of the personalty exceeds the sum of $100.00. The Circuit Court has exclusive jurisdiction of the subject matter of said petition.

WHEREFORE, Respondent moves the Court to discharge the rule and citation and to dismiss said petition."

Thereupon Bartley McManus, Jr., moved to be allowed to amend the prayer of his petition so as to include therein the express prayer for the construction of the will of his decedent Bartley McManus, which prayer was granted. Thereupon the motion of Thomas McManus as Executor of the Last Will and Testament of Lusetta McManus for the discharge of the rule and citation came on to be heard and was denied and Thomas McManus was required to answer the said petition within

fifteen days from the date of the order, which was on the 30th day of July, 1946. Thereupon Thomas McManus on the 12th day of August, 1946, filed his suggestion of petition in the Circuit Court of Dade County, Florida, praying writ of prohibition against the County Judge to prohibit the County Judge from exercising further jurisdiction in the matter. It was in effect alleged in the suggestion of prohibition that Thomas McManus held possession of certain real estate in Dade County, Florida, under the Last Will and Testament of Lusetta McManus while Bartley McManus, Jr., claimed title and right of possession to the property under the last will and testament of Bartley McManus and that consequently the petition places in issue a question involving the title to real estate and seeks the determination thereof by said County Judge. That under the provisions of Sec. 11, Article V. of the Constitution, viz: "Circuit Courts shall have exclusive jurisdiction . . . in all cases at law—and of all actions involving the title or boundaries of real estate", the County Judge is without jurisdiction to determine the issues presented by Respondent's petition.

Rule Nisi in prohibition was issued. Thereafter, the Respondent Bartley McManus, Jr., as Administrator C.T.A., D.B.N. moved the court to vacate and discharge the alternative writ of prohibition and also filed demurrer to the petition for the alternative writ, both of which were denied, and Respondents were allowed twenty days from the 17th day of September, 1946, to file return.

Return was accordingly filed,which contained the following:

"That the undersigned are informed and believe that since the bill of Bartley McManus has been probated in the County Judge's Court of Dade County, the County Judge of said County has jurisdiction to construe said will, or any part thereof, pursuant to Section 732.41, Florida Statutes, in such case made and provided.

"5. That the undersigned are informed and believe that under the Constitution of Florida, Article 5, Sections 11 and 17, as construed by the Florida Supreme Court in Luther v. Florida National Bank of Jacksonville (In re Monk's Estate) 19 So. (2d) 796, 'the exclusive jurisdiction to determine ques-

tions of who are distributees, legatees or beneficiaries of property of a decedent and amounts and shares to which each may be entitled is vested in the County Judge's Court.'

"6. That the undersigned County Judge is charged with the duty of determining questions as to who are distributees, legatees and beneficiaries, and the amounts to which each may be entitled, in the estate of Bartley McManus and Lusetta McManus, deceased, as by the record appears; that the same identical property, chattels and moneys are involved as to each of said estates, as the same are presently being administered in the County Judge's Court, of Dade County, Florida, it being contended on one hand that the Last Will and Testament of the said Bartley McManus created only a life estate in Lusetta McManus, as to certain assets, and it being contended on the other hand that she became thereunder the absolute owner of such assets; and that the undersigned County Judge will proceed to exercise his jurisdiction in that behalf, in a lawful manner with respect to the allowance or disallowance of such claims, the ordering of the sale of real estate involved if necessary, the hearing of testimony and ascertaining the heirs, legatees, distributees or beneficiaries entitled to receive the assets of the decedents and the amounts thereof, and the distribution of the property involved, unless wrongfully prohibited from so doing."

On the Return coming in Relator set the cause down for hearing before the Honorable Marshall C. Wisehart and, upon such hearing being had, the said Judge of the Circuit Court did enter his Order and Judgment that the peremptory writ of prohibition should forthwith issue. From this judgment appeal was taken.

So, it appears to us that the controlling question to be determined here is whether or not the County Judge has jurisdiction to construe the will and to determine the legatees, distributees or beneficiaries entitled to receive the estate of the decedent and the amount of shares thereof under the provisions of Sections 11 and 17 of Article V of the Constitution and Sec. 734.25 Fla. Statutes 1941 (same F.S.A.).

The particular point to be determined by the court in this case is whether under the will of Bartley McManus, Sr., the

fee simple title to the property in Dade County, Florida, passed to Lusetta McManus, or only a life state with power of disposition in her lifetime passed to her and at her death the fee simple title passed to the six sons and four daughters of Bartley McManus, Sr.

It appears to us that this question has been definitely adjudicated in the opinion and judgment in re Estate of Monks, deceased, Charles W. Luther as Guardian ad litem etc. v. Florida National Bank of Jacksonville as Administrator of the estate of Lizzie Monks, deceased, 155 Fla. 240, 19 Sou. (2) 796, and cases there cited.

We can see no necessity of now adding anything to what was said in that case. There we said in an opinion prepared by Mr. Justice Chapman:

"Section 17 of Article V, supra, after enumerating or reciting the constitutional duties of the county judge's court in settling and administering estates of decedents, employs broad and comprehensive language, viz: 'and (the county judge's court shall) discharge the duties usually pertaining to probate'. 'Probate Duties' contemplates the probation of wills, issuance of letters testamentary or administration, collection of debts, allowance or disallowance of claims, ordering the sale of real estate, approval of final accounts, distribution of the property of the estate, hearing testimony and ascertaining the heirs, legatees, distributees or beneficiaries entitled to receive the estate of a decedent, and the amounts and shares thereof. The county Judge's court, generally speaking, has the exclusive power to do all things necessary in the settlement of an estate of a decedent from the probation of a will or the issuance of letters of administration to the completion of the administration thereof and the entry of an order of discharge of the legal representative. See Crosby v. Burleson, 142 Fla. 443, 195 So. 202; Pournelle v. Baxter, 142 Fla. 517, 195 So. 163; Tyre v. Wright, 144 Fla. 90, 197 So. 846; State ex rel North v. Whitehurst, 145 Fla. 559, 1 So. (2nd) 175; in re Estate of Niernsee, 147 Fla. 388, 2 So. (2nd) 737; Thompson v. Harris, 150 Fla. 471, 7 So. (2nd) 854; Wells v. Menn, 154 Fla. 173, 17 So. (2nd) 217.

"The contention that section 108 of chapter 16103, Acts of 1933—Section 734.25 Fla. Stats. 1941 (F.S.A.)—is unconstitutional and void and is not only unsound but clearly untenable."

On authority of that opinion and judgment, we must hold that the judgment of the circuit court was erroneous and reverse the same with directions that the alternative writ of prohibition be quashed and the petition be dismissed.

It is so ordered.

THOMAS, C.J., ADAMS and BARNS, JJ., concur.