THOMAS, Justice.
Charles H. Wakeman, Jr., administrator of the estate of Frank R. Noble, II, petitioned the county judge’s court of Dade County to declare the entire estate homestead property and to direct distribution to the person entitled to receive it. This procedure was authorized by Section 734.08, Florida Statutes 1953, and F.S.A., providing that if during an administration it is-made to appear that an estate consists only of homestead and exempt personal property “or in the event the allegations of said petition are denied by trial of the issues made” the county judge can direct distribution and discharge the personal representative.
In the present case the mother of the decedent, claiming that certain amounts were due her from the estate, appeared and put in issue the homestead character of the property.
So’the court under the statute was then faced with deciding whether the real property was in fact a homestead but he declined to do so because he concluded that under Section 11, Article V of the Constitution, F.S.A., he had no such power. He, therefore; denied the petition. The circuit court affirmed his’ruling and this appeal followed.
The relevant part of the Constitution to which the county judge referred provides that “Circuit Courts shall have exclusive original jurisdiction * * * of all actions involving the titles * * * of real estate * *
Of course, if the property in question was a homestead, it was subject neither to devise, Section 731.05, Florida Statutes 1953, and F.S.A., nor administration, Sec *874 tion 733.01(1), Florida Statutes 1953, and F.S.A.
When a person owning property, that is in fact a homestead, dies leaving a “widow or lineal descendants” the property descends “as other property; provided, however, that * * * the widow shall take a life estate in the homestead, with vested remainder to the lineal descendants in being at the time of the death of the decedent.” Section 731.05, supra, and Section 731.27, Florida Statutes 1953, and F.S.A. Also, such homestead property is excluded from property subject to dower. Section. 731.34, Florida Statutes 1953, and F.S.A.
The purpose of homestead provisions is simply to shelter the family that lives, or survives. The underlying principle being the same, there seems no need now to engage in a separate discussion of the law as it relates on the one hand to immunization from debt such as we find in Section 1 of Article X, F.S.A., and on the other hand to descent, some of which we have already cited.
It occurs to us that the issue formed by the appellant’s representation and the appellee’s denial was primarily one of status. The homestead character of a given piece of property depends entirely on the use to which at the time, it is being put. We recognized this in Bigelow v. Dunphe, 143 Fla. 603, 197 So. 328, 330, where we said that “Homestead character is a matter of use which could be determinable only from the physical appearance as disin-guished from the title as * * * shown on the records.” In that case a mortgagee had attempted to foreclose a mortgage executed by a wife who was a free-dealer. It developed that the encumbered property was a homestead and that the mortgagor was the head of a family so we held that foreclosure could not be decreed. We stated that the condition of title could be learned from the record, but that the use could not, and that it was the use which governed its immunity as homestead.
Under the statute which the county judge and the circuit judge held in effect to be invalid, because it attempted to vest in the former jurisdiction to make a ruling involving title, the court was given jurisdiction primarily to fix the status of property from the circumstances of its use. The title is only of incidental concern.
The homestead status of property could vary as often as the head of a family moved onto it or off of it, while the title would not be affected in the least. The homestead character of property at the time of the owner’s death depends upon its use and his position as head of a family. The title is affected by neither. It is these elements that a county judge appraises when he passes upon the issue mentioned in Section 734.08, supra; how the title shall descend, or be transformed into a life estate and eventually vest in descendants is consequential.
The appellant has cited to us statutes, relative to probate of wills, that would be rendered ineffectual and situations that would be made awkward by sustaining the county judge’s position. But we see no occasion to discuss them because after serious study we conclude that the county judge may decide an issue such as was drawn by the petition and denial in this case. We so hold. Therefore, it is unnecessary to explore the result upon existing laws if we had a contrary view.
Reversed with directions to proceed as if the original ruling had been the converse.
Reversed.
ROBERTS, C. J., and TERRELL, SE-BRING, MATHEWS and DREW, JJ., concur. HOBSON, J., not participating.