102 So.2d 154 (1958)
In re ESTATE of Helen L. WEISS, Deceased.
Howard A. LEWIS, as Executor of the Last Will and Testament of Helen L. Weiss, Deceased, Appellant,
v.
Burton J. WADE, as Executor of the Last Will and Testament of Alexander Weiss, Deceased, Appellee.
No. 57-298.
District Court of Appeal of Florida. Third District.
April 3, 1958.
Rehearing Denied May 12, 1958.
*155 Schlissel & Scher, and Sibley, Grusmark, Barkdull & King, Miami Beach, for appellant.
Redfearn, Ferrell & Simon, Miami, for appellee.
PEARSON, Judge.
This cause originated in the county judges' court. Thereafter an appeal was taken to the circuit court under the law as provided prior to July 1, 1957. Upon affirmance by the circuit court, an appeal was lodged in the Supreme Court of Florida from whence it has been transferred to this court. Upon oral argument here the appellant raised for the first time the question of the jurisdiction of the county judge to enter the order from which appeal had been taken. Additional time for the filing of supplemental briefs was granted. Inasmuch as it is always proper for an appellate court to consider a question of jurisdiction, and the question is substantial in this case, we will first consider that question. McMillan v. Wiley, 45 Fla. 487, 33 So. 993; Hutchinson v. Courtney, 86 Fla. 556, 98 So. 582.
Helen Lewis Weiss, a married woman, died. By her will she devised the residue of her real property to Howard A. Lewis, her son by a former marriage. Alexander Weiss, the decedent's husband, petitioned the court for an order adjudicating certain property to be his deceased wife's homestead. Thereafter, Alexander Weiss and Howard A. Lewis, who was also the executor of his mother's estate, stipulated that the property set out in the petition was homestead property. On the day of the stipulation the county judge entered the order from which the appeal is taken. The order provides as follows:
"Ordered and adjudged that the above described real estate is homestead property and that the deceased could not alienate the same by will.
"It is further ordered and adjudged that, as said homestead property was not subject to devise by will, it descends as intestate property according to the statutes of Florida, providing that the homestead descends as other property.

*156 "It is further ordered and adjudged that the deceased left surviving her Alexander Weiss, her husband, and one son Howard A. Lewis, who was her son by a former marriage, and that said husband and son inherit said homestead property equally, in fee simple, free from debts of the deceased and free from all costs and expenses of administration."
The appellant challenges the jurisdiction of the county judge to make this order upon the basis that it is an action involving the title of real estate; a matter reserved to the exclusive jurisdiction of the circuit court by the Constitution of the State of Florida. Art. 5, § 11, Fla. Const., 26 F.S.A., as the same existed prior to amendment at the General Election in November 1956, and section 6 of present article 5. It will be readily observed that the order of the county judge attempts to perform three services for the litigants. First, it determines the status of the real estate as homestead property. Second, it determines the heirs of the deceased. And third, it states that these heirs shall inherit the property in question equally in fee simple.
The jurisdiction of a county judge to perform the first of these duties has been decided by the Supreme Court of Florida in the case of Wakeman v. Noble, Fla. 1954, 73 So.2d 873. The right of the county judge to determine who are or were the heirs, legatees or devisees of a deceased person upon the petition of an interested party, is not controverted. See sect. 734.25, Fla. Stat., F.S.A. That portion of the order appealed which attempted to adjudicate the estate of the heirs is beyond the jurisdiction of the county judge. Spitzer v. Branning, 135 Fla. 49, 184 So. 770. In Wakeman v. Noble, supra, the Supreme Court, without receding from its decision in Spitzer v. Branning, supra, set forth the duty of the county judge to determine the homestead status of property and stated [73 So.2d 874]: "* * * how the title shall descend, or be transformed into a life estate and eventually vest in descendents is consequential."
The appellee suggests once the status of the property is determined and those entitled are determined, then the county judge has jurisdiction to declare the results which flow from the statutes of the State of Florida in such cases provided. However, we hold, if and when those results are called into question, the question must be decided in the circuit court, since a contest upon the effect of such statutes is one involving the title of real estate.
We pass now to the question originally presented by the briefs on this appeal. That is, whether a husband, whose wife is the head of the family, is limited to a life estate only, in homestead. Since we have held that the county judge improperly passed upon this question we should not determine it initially here, but the parties should be left to seek a determination in the circuit court.
As a consequence of our holding upon the question of jurisdiction the order of affirmance entered in the circuit court is reversed and the cause remanded to the county judges' court for the entry of an amended order, not in conflict with this opinion.
Reversed and remanded.
CARROLL, CHAS., C.J., and HORTON, J., concur.