THOMAS, Justice.
The court granted a petition for certiorari under Sec. 4, Art. V, of the Constitution, F.S.A., to determine whether or not a decision of the District Court of Appeal, Third District, is in direct conflict with former decisions of this court on the same point of law, a situation that is made prima facie to appear in the petition.
The facts as they appear in the stipulation of counsel filed in the county judge’s court for the parties litigant are simple. One Helen L. Weiss died 24 April 1956 leaving a last will and testament by which she devised, after certain bequests not pertinent to this controversy, the residue of her estate, real and personal, to her son, Howard A. Lewis, stepson of Alexander Weiss, her then husband. Lewis was named executor. Included in the real property was a home purchased by decedent with her own money, conveyed to her alone, and at the time of her death occupied by her and her husband. It was stipulated not only that the property was occupied as a homestead but also that she was the head of the family.
The surviving husband petitioned the county judge’s court for an order adjudging the property to be of such character, and the county judge entered an order *413 holding (1) that the property constituted a homestead, (2) that it descended as intestate property, and (3) that the decedent’s husband and son should inherit it equally free from all debts and costs of administration.
The executor of the estate of Helen L. Weiss appealed to the circuit court from the order of the county judge, and the circuit court affirmed the order throughout.
An appeal was then taken to the Supreme Court from the circuit court’s order of affirmance. This occurred before 1 July 1957 and the Supreme Court pursuant to Sec. 26(6), Art. V, transferred the cause to the District Court of Appeal, Third District. To avoid confusion about the names of the parties it should now be stated that by the time the district court of appeal disposed of the litigation Alexander Weiss had died and Burton J. Wade, executor of the last will and testament of Alexander Weiss, had become appellee in his stead. He is petitioner in the instant proceeding and Howard A. Lewis, executor of the last will and testament of Helen L. Weiss, is respondent.
In the opinion of the district court of appeal it was observed at the outset that it was upon the oral argument that the appellant, respondent here, raised for the first time the question whether or not the county judge had jurisdiction to enter the order we have digested. The district court decided that the question of jurisdiction was a substantial one and should be decided though belatedly raised.
The district court thereupon dealt with the contention of the appellant that the litigation entertained by the county judge involved the title to real estate and that exclusive jurisdiction to determine it was vested in the circuit court by the provisions of Sec. 11, Art. V, of the Constitution, which, since the amendment adopted in 1956, are found in Sec. 6(c), Art. V. The court observed that the order of the county judge disposed of three aspects of the controversy, i. e., the status of the property involved, the heirship, and the manner in which the heirs should inherit. The district court correctly decided that the first of these was properly determinable by the county judge under the ruling of the Supreme Court in Wake-man v. Noble, Fla., 73 So.2d 873.
The district court stated that the second aspect was not in dispute so jurisdiction of the county judge to specify the heirs was not treated.
Dealing with the third factor, the district court held, point-blank, that the county judge had no power to fix the interest of the heirs, referring to Spitzer v. Branning, 135 Fla. 49, 184 So. 770, and Wakeman v. Noble, supra, and quoting from the latter our statement that once the county judge had fixed the homestead status, the manner in which title should descend, or life estate should arise, was “ ‘consequential.’ ”
The district court expressed the conviction that once the county judge decided the homestead status of the property, he became powerless to go further and establish the respective rights of the parties inasmuch as title of real estate would then become involved and a problem therefore arise which could be solved only in the circuit court.
The court then concluded that since the county judge had exceeded his jurisdiction in respect of the determination of title, the court would not “initially” decide that question but would leave the parties to seek an adjudication of the matter by the circuit court. The cause was remanded to the “county judges’ court” for the entry of an order consistent with the opinion.
Without pausing to comment on the procedure directed we proceed to decide the immediate question of conflict.
The petitioner insists here that the decision of the district court of appeal is in direct conflict with decisions of this court in Luther v. Florida Nat. Bank of Jack *414 sonville (In Re: Monk’s Estate), 155 Fla. 240, 19 So.2d 796, and Blanton v. State ex rel. McManus, 158 Fla. 667, 29 So.2d 865. This occurred, so the petitioner states, because the decision in Spitzer v. Branning, supra, cited by the court to support its conclusion, was subsequently overruled by these decisions.
We find some obstacles in our path as we attempt to follow the reasoning of the petitioner. In the first place we cannot accept the bare statement that the district court’s decision “in effect nullifies the Noble v. Wakeman case” as the petitioner charges in his brief. It is obvious from a reading of the decision under challenge that the court ruled the county judge had jurisdiction to declare that the property was homestead. The court said so and cited the case as authority for the ruling. We find in the immediate decision no deviation whatever from the holding in the cited case unless undue significance be placed on our statement that once homestead character of property is established the interests of the parties become “consequential.” In that litigation we were not dealing with any dispute among claimants to the life estate or the remainder. Here the argument arose over the construction given by the county judge to the statutes regulating descent, which would apply upon setting the homestead status. It should be commented that in Wakeman v. Noble, supra [73 So.2d 874], we were concerned only with the jurisdiction of the county judge to determine the homestead status of property from its use and the position of the owner as head of a family and we expressly stated that “[t]he title [was] affected by neither.” When we became convinced that the county judge could do that we said that the manner in which the title would vest was only incidental to the question he had entertained and answered. In brief the exercise of the jurisdiction by the county judge up to a certain point was approved. It was beyond that point that jurisdiction was exercised by a county judge in the present controversy so the assertion that the decision in Wakeman v. Noble, supra, has been, in effect, overruled has no merit.
Actually the only matter for consideration in the instant case is whether or not the ruling by the district court that when a county judge fixes the homestead status he must place a period after his deliberations and cannot go further and declare the respective interests in the homestead is out of harmony with our decisions on the subject.
A condensation of the opinion in Spitzer v. Branning, supra, seems fitting. A husband died leaving a wife, a son and two grandsons. By will the testator left the property in trust for all of them. The widow dissented and elected to take a child’s share of the estate. The share set aside for her included property which subsequent to her death was found to be homestead. The widow died about two years after the death of her husband, and she devised this property to third persons. Approximately five years later her son brought in the circuit court a suit in partition claiming that the property in question was a homestead and that he, therefore, was entitled to an interest in it. He eventually prevailed. Obviously, because of the late date the dispute arose, and the nature of the contest itself, it was necessary that an action to settle it be instituted in the circuit court.
In the case just cited the court made pronouncements which are all apparently controlling in the present case but upon scrutiny it is clear that there is an important difference in the salient facts. In that case the county judge was not asked at the outset of administration to determine whether or not certain property was by its use a homestead, as was done in this one. The county judge had, evidently without any question having been raised about the homestead character of the property, included it in that allotted to the widow. By the order it was therefore inferred that no homestead was involved. So, to repeat, *415 this issue was not raised until many years afterward.
We cannot stop here and say that the county judge has been held to be vested with jurisdiction not only to decide whether or not given property possesses homestead character but to go further and determine the interests of the respective parties in it. It has only been decided that in order to eliminate such property from consideration as a part of the estate, Wakeman v. Noble, supra, the administration of which he is required to supervise, he may adjudicate its homestead status while, by the decision of the district court in the instant litigation, if a genuine dispute arises about the “consequential” interests making it necessary to construe the statutes regulating descent, title then becomes involved and the jurisdiction of the circuit court attaches.
Under the Constitution “the circuit courts shall have exclusive original jurisdiction * * * in all actions involving the titles * * * of real estate.” Sec. 6(c) of Art. V. An action involves title to real estate “only where the necessary result of the decree or judgment is that one party gains or the other loses an interest in the real estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves the judicial determination of such rights.” Barrs v. State ex rel. Britt, 95 Fla. 75, 116 So. 28, 29.
We now refer to the decisions in which the petitioner insists pronouncements on the subject were made neutralizing those contained in the opinion of Spitzer v. Branning, supra. An examination of the opinions and the original files has not disclosed any specific question in either case relating to homestead property. In both cases the court dealt with estates generally.
In Luther v. Florida Nat. Bank of Jacksonville, supra, the court held, in effect, that the county judge had “exclusive” jurisdiction to determine the distributees of the property of a decedent and their respective shares. This, so far as we can learn, was an adjudication of interests in property being administered under his direction, as distinguished from property, homestead, which by virtue of a decision fixing that status is removed from administration. The court referred to the jurisdiction of the county judge to settle and administer estates of decedents, vested in him by Sec. 17, Art. V, of the Constitution. Similar provisions now appear in Sec. 7(c) of Art. V.
The court in the case just cited also referred to Sec. 734.25, Florida Statutes 1941, and F.S.A., which authorizes the county judge to determine the beneficiaries of a decedent and the amount and share to which each is entitled. This, we think, refers to an estate which under the relevant part of the Constitution, supra, he is empowered to administer.
The next decision with which the one of the district court of appeal is said to have been in conflict was rendered in Blan-ton v. State ex rel. McManus, supra. In that case it was shown that a husband had died testate leaving a widow and several children. He devised a life estate in certain property to the widow. The husband had specified in his will how the title should vest upon termination of the life estate. The widow by will proceeded to dispose of the property in a manner contrary to the provisions of the husband’s will.
The pivotal question was whether the widow had received an estate in fee simple or a life estate in the property. The court held that the county judge had jurisdiction to determine the interests of the parties, citing for authority Luther v, Florida Nat. Bank of Jacksonville, supra.
After diligent study of the troublesome problem before us, meanwhile trying to keep uppermost the element of conflict as distinguished from the merits of the county judge’s decision and the circuit court’s approval, we come to the conclusion that no “direct conflict * * * on the same point of law” has been demon *416 strated. Sec. 4, Art. V, supra. The authorities with which it is claimed that the decision of the district court clashed do not, when perused, seem to have dealt with the same controlling facts.
We have not disregarded the thought that if a county judge decides the shares of beneficiaries of an estate he is administering, he is exercising power very similar to that which he would exercise if, after fixing homestead status of property, he were allowed to go further and determine the respective interests in it. But we have not been directed to- any decision holding that when he determines homestead status and, in effect, removes such property from the sphere of his jurisdiction to settle “the estate of decedents * * * to take probate of wills, to grant letters testamentary and of administration * * * and to discharge the duties usually pertaining to courts of probate,” Sec. 7(c), Art. V, of the Constitution, his power may be extended to determine the interests in the property so eliminated.
Before closing we refer to a decision of the Supreme Court rendered in Lawrence v. Todd, Fla., 45 So.2d 344, 345. The court referred to the statute, Sec. 733.12, Florida Statutes 1941, and F.S.A., granting to the county judge plenary power to assign dower in all property of an estate when the administration of the estate is pending before him. The court said that “ 'all property’ ” meant “ ‘decedent’s estate.’ ” Such finding was allowed, said the court, for administrative purposes to determine the assets of the estate. The court then referred to Sec. 11 of Art. V, supra, placing in the circuit courts the exclusive power to determine actions involving the title to real estate and remarked that it was clear that when in good faith third parties assert title adverse to the part of the estate claimed by the personal representative or beneficiaries “resort must be had to the Circuit Court to settle such question of title, if this is necessary to a proper administration of the estate(Italics supplied.)
Although the line of demarkation between those actions of the county judge, with reference to determining interests which do and those which do not impinge on the jurisdiction vested in the circuit courts by organic law, is difficult to discern we conclude that the only criterion so far established by decisions of this court is whether he is, or is not, dealing with a subject that affects the assets of an estate which he is empowered to administer.
The decisions with which petitioner insists the decision of the district court is in disharmony dealt with property of an estate; the decision of the district court did not.
Not being convinced of the conflict, the petition for certiorari is discharged.
TERRELL, C. J., and HOBSON, ROBERTS and O’CONNELL, JJ., concur.