PEARSON, TILLMAN, Chief Judge.
Etheline D. Hadley brought an action against her husband, Bruce A. Hadley, for alimony unconnected with causes of divorce. He filed a counterclaim praying for a decree of divorce. After trial, the chancellor entered a final decree denying the wife’s prayer and granting that of the husband. The wife appeals.
Three points are presented on appeal; each questions the sufficiency of the evidence to support the decree. Under the first point the appellant, wife, urges that the decree should be reversed because the record does not contain sufficient proof of the residence of the husband to support a decree of divorce. She points out that § 65.02, Fla.Stat., F.S.A., requires that the complaining party in a divorce action must have resided in the state for six months before the filing of the complaint, and that proof of the residence for the statutory period is jurisdictional. The appellee, husband, argues that we ought not consider the point because it was not raised in the trial court, but he overlooks the rule that a question of jurisdiction may be raised at any stage in the proceeding and even considered by an appellate court when not raised in the pleadings or expressly presented to the trial court. In re Weiss’ Estate, Fla.App.1958, 102 So.2d 154. See also Rule 3.7, subd. i, Florida Appellate Rules, 31 F.S.A.
Appellee suggests that the counterclaim for divorce was a compulsory counterclaim and that such a counterclaim acquires validity from the fact that the court already has jurisdiction of the parties and the subject matter. This argument works very well for jurisdiction over the parties, but not for the subject matter. The statute referred to expressly limits the jurisdiction of the Florida courts in divorce to those cases where the complainant for divorce is a resident for the prescribed period. Since the parties may not confer jurisdiction of the subject matter, it follows that they may not do so indirectly by the pleadings. Wade v. Wade, 93 Fla. 1004, 113 So. 374.
We must examine the proofs offered to determine whether the record supports the complainant-husband’s claim of residence. The matters involved in this cause were the subject of intense controversy between the parties. We think that this is important because it effectively eliminates the possibility of collusion in this *328 case. Briefly, the history as to residence is that the family, counter-plaintiff and counter-defendant and their children, lived in Dade County for many years prior to the beginning of this suit. The husband is an airline pilot. The domestic troubles culminated when the husband left the marital home in June of 1960. He spent a few days in Miami; then he made an arrangement with his employer to fly out of New York City instead of Miami and took an apartment in New York. He continued to support the family and gave as his reason for taking the apartment in New York the fact that he could earn more money by flying from that terminus of the airline. He testified that his intention was to retain his residence in Dade County. He filed his complaint on October 12, 1960.
If the appellee had not moved to an apartment in New York, there would be no question as to his residence in Florida. Does the change of his base of flight operation, coupled with the maintenance of a dwelling place in another jurisdiction for the four months prior to filing his complaint, conclusively prove that the appel-lee was not a resident of Florida? We think not.
The husband’s expression of intention concerning his place of residence is not so contrary to ordinary human experience as to be conclusively presumed to be false. A man under the stress of a family breakup may seek a temporary refuge, and especially when one pilots a jet plane from New York to Miami, it does not seem unusual for him to temporarily live in an apartment at either end. This finding is reinforced by the fact that the complainant did not seek a divorce until faced with litigation, and by the fact that he continued to maintain the family home. We conclude that the chancellor had support for his finding that the appellee was a member of this family temporarily living away from home because of marital disagreements and the exigencies of business.
We have examined the other contentions of appellant involving the sufficiency of the evidence and find that there was sufficient evidence and corroboration thereof to support the decree of the chancellor.
Affirmed.