MIRA MAR CORP., *et al.*, v. SIMON C. WITMER, as Trustee.

156 So. 734.

Division B.

Opinion Filed October 6, 1934.

*John F. Burket, Zewadski & Pierce,* and *Francis C. Dart,* for Appellants;

*N. G. & John Fite Robertson,* for Appellee.

PER CURIAM.—The appeal is from an order dated the 2nd day of October, 1933, and recorded on the same day in the Chancery Order Book in the following language:

"This cause coming on to be heard upon motion filed by the defendants in support of their special appearance heretofore filed in this cause and same having been argued by counsel and considered by the Court, the Court is of the opinion that the motion is not well made, the same is, therefore, overruled. The defendants are hereby granted 15 days in which to further plead as they may be advised.

"Done this 2nd October, 1935."

The motion referred to in that Order was in the following language:

"Comes now David E. Shanahan who has been made Defendant in the above cause as Liquidator of Northwestern Trust and Savings Bank, and Marion G. Kudlick who has been made Defendant in the above cause as Trustee for certain bondholders, and each appear specially in said cause by their undersigned Attorneys upon this the 6th day of March, A. D. 1933, the same being Rule Day in said month."

That motion appears to have been supported by a document reading as follows:

"Comes now David E. Shanahan, who has been made a Defendant in the above cause by being designated therein as Liquidator of Northwestern Trust & Savings Bank, and Marion G. Kudlick who has been made a Defendant in said cause as Trustee for certain bondholders, and Mira Mar Corporation, and assign the following grounds in support of the Special Appearances which they entered in said cause upon March 6, 1933, to-wit:

"*First*: There has never been served upon either of said Defendants any legal process.

"*Sceond*:  The statutory requirements precedent to the issuance of an order for constructive service by a Judge have not been complied with in the issuance of the purported order of publication dated February 6th, 1933.

"*Third*:  The return of the Sheriff dated February 6th, 1934, which is partially the basis of the Judge's order of publication, is shown by the bill of complaint to be incorrect and not based on fact.

"*Fourth*:  The purported order of publication and attempted service of process are nullities and in no way binding upon said defendants.

"For all of which reasons the Special Appearances of said Defendants should be sustained and the purported process quashed."

We think the filing of the last quoted document constituted a general appearance.

It will be observed that the third ground of the motion tenders the allegations of the bill of complaint in support of the motion to quash service. Aside from this, the special appearance above quoted is not sufficient to make it one for the sole purpose of questioning the jurisdiction of the court over the parties.

The Order appealed from should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, and BUFORD, J. J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.