ANNA A. KRIVITSKY, a sole remaining trustee of the Trust Estate of Fred J. Harpster, Sr., deceased, et al., v. H. H. NYE, individually and as Administrator of the Estate of Fred J. Harpster, Sr., deceased, and AMERICAN SURETY COMPANY, a corporation.

12 So. (2nd) 595            January Term, 1943
March 23, 1943                  En Banc

*Mabry, Reaves, Carlton & White* and *Howard E. Joseph*, for petitioners.

*Horn & Ossinsky* and *Sutton, Reeves & Allen*, for respondents.

CHAPMAN, J.:

Fred J. Harpster, Sr., a resident of Volusia County, Florida, died testate on October 7, 1926. He, by the terms of his last will and testament, nominated and appointed the Elyria Savings & Trust Company of Elyria, Ohio, as Executor and Trustee, to act as such without bond. The Elyria Savings & Trust Company declined the appointment but H. H. Nye, its trust officer and non-resident of Florida, was on February 19, 1927, by the County Judge of Volusia County, appointed administrator C.T.A., over the objection of some of the beneficiaries. The Harpster, Sr., estate was inventoried and appraised at the sum of $237,613.75 and the administrator, Nye, accepted the appraisal as the value of the estate and filed a bond in acceptable form, conditioned according to law in the sum of $225,000.00 and as surety thereon is the American Surety Company.

H. H. Nye, administrator C.T.A., being a non-resident of the State of Florida and a resident of Elyria, Ohio, on July 21, 1928, under the several provisions of Section 3660 R.G.S. of 1920, appointed R. E. Nevin, a resident of Daytona Beach, Florida, as his general agent for the State of Florida for the purpose of receiving service of any writ required by law to be served within the jurisdiction of the State of Florida upon H. H. Nye, a non-resident of Florida but a resident of the State of Ohio.

The Fred Harpster, Sr., estate consisted chiefly of stock, bonds, mortgages, land contracts, real estate and other securities situated both within the State of Florida and the State of Ohio. The named devisees and legatees of the Harpster will consisted of the widow, Alice O. Harpster, and four children, the youngest being Fred J. Harpster, Jr., who is a non compos mentis and has been such since 1927. The terms of the will direct the administrator C.T.A. to pay designated portions of the income to the children of Fred J. Harpster, Jr., for their support, maintenance and education. Some of the heirs of Fred J. Harpster, Sr., are residents of Ohio while others are residents of Hillsborough County, State of Florida.

Nye, administrator C.T.A., it appears from the record, kept the personal property of the estate in Elyria, Ohio and procured the appointment by the Ohio Courts of the Elyria Savings & Trust Company as executor of the estate. The administration of the estate in the Florida courts was prolonged for a period of eight and one-half years and on November 23, 1936, Hon. J. E. Peacock, County Judge of Volusia County, Florida, entered an order discharging H. H. Nye, administrator C.T.A. It is contended that this order is void under the several provisions of Section 5555 C.G.L. (1927) but an adjudication thereof is unnecessary at this time by this Court.

On February 23, 1933, H. H. Nye, individually, and as administrator C.T.A., and the Elyria Savings & Trust Company joined by some of the heirs of the late Fred J. Harpster, Sr., filed in the Circuit Court of Volusia County, Florida, a bill of complaint against Marion A. Whitehead, nee Marion

A. Harpster, and husband Eldridge Whitehead; Bettie N. Harpster, a minor, and Fred J. Harpster III, a minor. The prayer of the bill of complaint sought (a) an order relieving the Elyria Savings & Trust Company as to the administration and handling of the Harpster, Sr., estate, applicable to Florida property and (b) the appointment of a suitable person as trustee to handle the Florida property owned by the estate. On May 9, 1933, a decree was entered by the Circuit Court of Volusia County, Florida, relieving the Elyria Savings & Trust Company of Elyria, Ohio, from the administration and handling of the Harpster, Sr., estate insofar as it pertains to property situated in the State of Florida. R. E. Niven, by the same order, was made trustee and Nye was directed to surrender and deliver to Niven, as successor trustee, property described in the decree.

Nye refused to surrender the enumerated trust property or deliver it to the successor Trustee Nevin and on August 10, 1934, the Circuit Court of Volusia County, Florida, issued a rule to show cause against H. H. Nye, commanding that he comply with the previous order of the court or show cause why at Daytona Beach, Florida, August 27, 1934. He perfected his appeal therefrom to this Court and obtained a supersedeas. On August 20, 1934 R. E. Nevin filed in the Circuit Court of Volusia County, Florida, his resignation as trustee. On March 25, 1935, counsel filed in the record a signed stipulation agreeing for the dismissal of the appeal previously taken to this Court which was dismissed by consent of counsel by order dated April 1st, 1935. The Circuit Court on April 6, 1935, by appropriate order, vacated and set aside the previous contempt order against Nye and decreed that the order would become effective as a discharge to H. H. Nye and Elyria Savings & Trust Company from responsibility or liability of any kind attaching to them by virtue of their connection with the trust estate *only* when they delivered to a trustee to be appointed property of the trust estate. Counsel in brief refer to the above as the *first* suit and the following as the *second* suit.

On September 3, 1935, Nye and the Elyria Savings & Trust Company by petition represented to the circuit court

that they had surrendered and delivered to J. L. Robinson, successor-trustee, the property of the trust, and the circuit court, acting on said petition, on August 30, 1935, approved, ratified and confirmed the same and incorporated within said order provision, viz:

"It Is Further Ordered, Adjudged and Decreed that H. H. Nye, individually and as Administrator Cum Testamento Annexo of the Last Will and Testament and Codicil and Estate of Fred J. Harpster, Sr., deceased, and the Elyria Savings & Trust Co., be, and they are hereby severally, discharged from any and all responsibility and liability of any kind attached to them by virtue of their connection with the said Trust Estate of Fred J. Harpster, Sr., deceased.

"It Is Further Ordered, Adjudged and Decreed that the said H. H. Nye be, and he is hereby discharged as such Administrator Cum Testamento Annexo of the Estate of Fred J. Harpster, Sr., Deceased, and that the bondsmen of the Administrator's Bond heretofore required and filed in the County Judge's Court in Volusia County, Florida, together with said H. H. Nye are hereby discharged from the date hereof."

On September 12, 1941, the Circuit Court of Volusia County, Florida, on petition of Anna A. Krivitsky, as sole remaining trustee of the estate of Fred J. Harpster, Sr., authorized the institution of suit in her fiduciary capacity against H. H. Nye, individually and as administrator C.T.A., and the American Surety Company, a surety on Nye's bond. The order recited that the trustee is a resident of Hillsborough County, Florida, and all the tangible assets of the estate were located there; the proposed defendants were non-residents of Florida; the proposed suit would be for an accounting and discovery and other equitable relief, and no real estate was involved; the proposed action was transitory, rather than local; that the convenience of the parties would be served by the institution of suit in Hillsborough County, Florida.

On September 22, 1941, pursuant to aforesaid order, a bill of complaint by the trustee was instituted in the Circuit

618

Court of Hillsborough County, Florida. Paragraph 9 of the bill of complaint is, viz:

"9. That said H. H. Nye, as administrator, from time to time filed in the County Judge's Court in Volusia County periodic accounts of receipts and disbursements by him, but did not close said estate, or apply for the appointment of a trustee under said will, at the end of twelve months from his appointments as he could and should have done, but carried on the purported ancillary administration in Ohio until the year 1935, at which time, through the waste and diversion from proper administration of said estate by said H. H. Nye, as hereinafter alleged, said estate had dwindled and shrunk from a value of over $237,000.00 to less than $100,000.00 in value. Plaintiffs aver that said so-called ancillary administration in Ohio was the result of a scheme and plan of the said Nye and Elyria Savings & Trust Company; that the said Trust Company was not qualified to do business in Florida and could not directly assume the executorship of said estate in Florida, so, in order to get possession of the assets of said estate, it and the said Nye, working together, sought and obtained the appointment of the said Nye as administrator cum testamenta annexo; that the said Trust Company and the said Nye, its Trust Officer, had personal interests to serve, namely, the large fees and income anticipated for the handling and administration of a large and liquid estate; and the so-called ancillary administration in Ohio was but a subterfuge employed by the said Nye and the said Trust Company for the purpose of serving their own interests contrary to the interests of the said estate."

Process issued on the bill of complaint from the Circuit Court of Hillsborough County Florida, against H. H. Nye, individually and as administrator C.T.A. of the estate of Fred J. Harpster, Sr., and was served by the Sheriff of Volusia County, Florida, on R. E. Nevin as agent for H. H. Nye. On October 9, 1941 Nye filed his special appearance and motion to quash the service and return of the summons for reasons (1) service on Nevin was made as agent for Nye while the bill of complaint shows that Nevin was appointed by H. H. Nye as administrator C.T.A.; (2) it appears by the record

of the County Judge's Court of Volusia County, Florida, that H. H. Nye on November 23, 1936, by an order of said court, was discharged as administrator C.T.A.; (3) it affirmatively appears that R. E. Nevin was not the agent of H. H. Nye at the time he (Nevin) was served with process.

A recital in an order of the circuit court dated December 30, 1941, where the special appearance and motion to quash the service was considered is to the effect; the Court is of the opinion that if it should turn out that the allegations of the bill, whereby discharge is challenged, are not bona fide made, then the service would not be good. The allegations of the bill are presumed to be bona fide made and in the absence of evidence to the contrary, the service would be good and the special appearance and motion to quash should be over-ruled. The Court heard evidence offered by the parties on the bona fides of the allegations of the bill of complaint. The certified records of the proceedings had in the County Judge's Court of Volusia County, Florida, likewise certified copies of the files of the two chancery suits in the Circuit Court of Volusia County, Florida, and additional evidence was taken and the Court reached the conclusion that the allegations of the bill of complaint were not bona fide made and the special appearance was sustained and the motion to quash granted. The order was dated September 11, 1942. An appeal therefrom has been perfected to this Court. This estate was administered under the statutes and laws of Florida in force prior to the effective date of Chapter 16103, Acts of 1933, commonly known as the Probate Act.

We observe a conflict in views on the part of counsel as to the controlling question presented by the record for adjudication. The essential one is the legal sufficiency of the service acquired on R. E. Nevin as the agent of H. H. Nye as administrator C.T.A. of the estate of Fred J. Harpster, Sr., deceased. The lower court by its order of September 11, 1942, sustained the special appearance and motion to quash the service had on R. E. Nevin, agent. Grounds One and Three of the special appearance and motion to quash refer to the bill of complaint as conclusive evidence that Nevin was not the agent of Nye when served. In the case of Mira Mar

Corporation, et al., v. Witner, 116 Fla. 784, 156 So. 734, this Court, when considering a similar pleading, reached the conclusion, that the pleading was tantamount to a general appearance.

Section 5524 C.G.L., authorizes the appointment by the courts of an executor or administrator who is a non-resident of the State of Florida. The power to appoint is conditioned that the appointee shall have his name and post office address recorded in the office of the appointing judge, and, likewise, the appointee is required to name or designate a responsible person as his agent or attorney residing within the county where the estate is being administered, and the name and address of the agent or attorney so appointed shall be recorded in the office of the appointing judge. Section 5543 C.G.L. provides for personal service in all actions against non-resident executors and administrators found within the State of Florida, but, if not found within the State of Florida, process can or may be served upon the resident agent or attorney of the non-resident executor or administrator, and, when perfected, the said service becomes effective and binding on the non-resident executor or administrator.

In the construction of Sections 5524 and 5543, supra, we are unable to appreciate the contention that the discharge of a non-resident executor or administrator dissolves or terminates the agency provided for in Section 5524. Section 5543, supra, provides for service of process in actions against executors or administrators. If the discharge order effected dissolution of the agency for the service of process, then those having actions against non-resident executors or administrators would be remediless unless served personally in Florida. Thus, a non-resident executor or administrator under such an interpretation would be preferred and given an advantage over a resident executor or administrator. Such a construction would allow a non-resident executor or administrator to transfer the property of an estate to another jurisdiction, obtain there an unlawful discharge, appropriate his loot, and then defy the Florida courts to adjust the injury by remaining out of their jurisdiction. For us to conclude that such a discharge does not affect the agency but the

agency continues after the discharge for all lawful purposes and for the benefit and convenience of litigants having actions against resident and non-resident executors and administrators establishes reason, prevents discrimination and adds virility to the statutes. The statutes were designed to facilitate the administration of estates. The agency exists for all purposes incident to the estate and Nevin now stands in the shoes of Nye and he will not now be heard or allowed to deny the appointment or contend that the agency was dissolved by the orders of discharge. See Lisbon Sav. Bank & Trust Co. v. Moulton's Estate, 91 New Hampshire 477, 22 Atl. (2nd) 331; Redfearn on Wills and Administration, pages 407-408, paragraph 251, Schouler on Wills and Administration (6th Ed.) Vol. 3, paragraph 1524, pp. 1754-1755.

A party plaintiff hereto is Fred J. Harpster, Jr., a non compos mentis. In the recent case of Sherman E. Nusbaum, a non compos mentis, by Frank E. Hines, et al., as next friend, v. Charles Nusbaum, we held that such a guardian was without legal authority to invest the funds of the ward, except as provided by statute. Frederick Harpster, an infant, is a party plaintiff. Infants are wards of the court. See Fisher v. Guidy, 106 Fla. 94, 142 So. 818; Turner v. Andrews, 143 Fla. 88, 196 So. 614. Section 17 of Article V of the Constitution of Florida confers jurisdiction of the settlement of estates of decedents and minors on the county judge. See Crosby v. Burleson, 142 Fla. 443, 195 So. 202; Pournelle v. Baxter, 142 Fla. 517, 195 So. 163; Tyre v. Wright, 144 Fla. 90, 197 So. 846; State ex rel. North, et al., v. Whitehurst, 145 Fla. 559, 1 So. (2nd) 175.

We do not rule on the question of whether or not the alleged action is local or transitory; neither do we rule on the legal sufficiency of the bill of complaint. The challenged order of September 11, 1942, is the sole question presented and decided. The petition for a writ of certiorari is awarded and the order of September 11, 1942, is quashed, with directions for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

BUFORD, C. J., TERRELL and BROWN, JJ., concur.

THOMAS and ADAMS, JJ., dissent.

SEBRING, J., not participating.