WIGGINTON, Judge.
This appeal is from an order entered by the County Judge of Volusia County, in probate, revoking and setting aside an order of final discharge previously entered in the estate proceedings, appointing an administrator de bonis non with will annexed, and ordering the former executor of the estate to stand by and do and abide whatsoever the probate court or any other court having jurisdiction of the cause may lawfully consider. The attack made by appellant upon the foregoing provisions of the order here assaulted will be discussed under the several points presented by the appeal.
Appellant, while an attorney engaged in the active practice of law in Volusia County, was named as executor of the will of Gertrude K. Sackett, now deceased. After the demise of decedent, appellant qualified and was appointed executor of her will. Appel-lee, Helene Fowler, was named in the decedent’s will as sole residuary legatee. The estate was fully administered, the assets duly distributed, and a final order rendered on March 26, 1964, discharging appellant as executor of the estate.
On June 16, 1964, appellee filed in the cause a sworn petition alleging in substance that at the time of her death the decedent, Gertrude K. Sackett, owned and maintained in the First Atlantic National Bank of Day-tona Beach an account in excess of five *908 thousand dollars against which appellant had been given authority to make withdrawals as agent and employee of the decedent, but not as joint or co-owner; that following decedent’s death appellant withdrew all the funds from this account, and removed from decedent’s home certain items of furniture and other personal property, all of which he appropriated to his own use and failed to include as part of the assets of the estate. The petition prays that an order be entered by the court reopening the estate for further administration, and requiring appellant to file an inventory of the bank account and personal property illegally and unlawfully appropriated by him, and to make an accounting of these assets as part of the corpus of the estate.
Based upon the foregoing petition the county judge issued a rule nisi directing appellant to show cause on a specified date and hour why the prayer of the petition should not be granted; directing appellant to produce before the court on the return date of the rule certain described documents relating to the bank account described in the petition, and to show cause why the questioned bank account was not included in the original inventory of the estate for tax and informational purposes and why appellant should not be adjudged in contempt of the court for his failure to properly account for the items of property forming the subject matter of the petition.
On the return date of the rule, appellant appeared before the court in proper person and filed his sworn written return in which he alleges in substance that the bank account described in the petition filed by appellee was, at the request of the decedent, opened as a joint and survivor account in the names of both decedent and appellant, which fact was well known to appellee during the lifetime of the decedent and at all times during which the estate was in the process of administration; that upon the death of decedent the bank account was lawfully claimed by appellant, which fact was also well known to appellee long prior to the time the estate was fully administered and appellant discharged as executor thereof. With regard to the items of personal property alleged to have been unlawfully and illegally appropriated by appellant, the return alleges that this property was purchased by appellant from the decedent during the latter’s lifetime when she sold her home and most of the furnishings located therein to a third party, all of which facts were at that time well known to appellee. Appellant supports the allegations of his return with affidavits of several persons who were personally acquainted with the decedent and with appel-lee, and whose statements corroborate in most respects the allegations of appellant’s answer.
The order appealed recites that the cause came on to be heard before the court on the return date fixed in the rule nisi, at which time appellant appeared before the court in person and filed his answer to the rule stating that he would be represented by an independent attorney employed by him, which attorney was on that date engaged in the trial of a cause and unable to be present, wherefore, appellant requested that the cause be continued. The order further recites that upon consideration of the pleadings and exhibits it appears that appellant’s answer to the rule nisi has raised issues which probably the probate court may not have jurisdiction to try, and that some other forum may have jurisdiction of the issues, although the probate court does have jurisdiction under F.S. Section 734.26, F.S.A., to appoint a personal representative so that he may proceed to administer other property of the estate alleged to have been discovered, or for any other cause that furthers the administration of the estate. Based upon these findings and conclusions the order proceeds to revoke and set aside the order of final discharge previously entered by the court on March 26, 1964, and to appoint Walter A, Shelley, a member of the Volusia County Bar, as administrator C.T.A., D.B.N., and directing him to take such action in the proper court as may seem appropriate. It was further ordered that appellant shall stand by and do *909 and abide whatsoever the probate court or any other court having jurisdiction of said cause may lawfully consider.
Appellant first contends that the county judge erred in vacating and setting aside the order of final discharge previously entered in the estate without first holding a hearing and giving appellant an opportunity to introduce evidence in opposition to the allegations of the petition filed by appellee on which the rule nisi was issued. F.S. Section 734.26, F.S.A., under which the county judge purported to act, provides as follows:
“ * * * The final settlement of an estate and the discharge of the personal representative shall not prevent a revocation of the order of discharge or the subsequent issuance of letters testamentary or of administration if other property of the estate is discovered or if it becomes necessary or proper for any cause that further administration of the estate be had.”
 From the petition filed by appellee, and the return to the rule nisi filed by appellant, it appears without conflict that at the time of decedent’s death there existed an account in excess of five thousand dollars on deposit in the First Atlantic National Bank of Daytona Beach, which account had been created by funds of the decedent and from which both decedent and appellant had authority to make withdrawals. It further appears without dispute that the funds comprising this account were not included in the inventory of the estate, nor in the assets of the estate subject to distribution under the terms and provisions of decedent’s will. The issue raised by the pleadings is whether the •account was owned by decedent at the time of her death and should properly have been included in the inventory as part of the assets of her estate, or whether a gift of the account had been made by decedent to appellant during the former’s lifetime under ■circumstances which vested title to the account in appellant at the time of decedent’s death. No further testimony or evidence was necessary in order to establish the foregoing facts which were admitted by the pleadings, nor was further proof necessary in order to delineate the issues of law arising from the dispute between the parties regarding ownership of the account in question. The legal issues involved in the questions raised by the pleadings are issues over which the county judge’s court has no jurisdiction to determine, but which must be adjudicated, if at all, in a court of equity.[1] It is our view that the questions presented by the petition filed by appellee, and the return to the rule nisi filed by appellant, constituted sufficient cause to activate the authority of the county judge to revoke and set aside the order of final discharge previously entered in the cause, and that doing so under the circumstances shown by this record was not an abuse of discretion.
Appellant vigorously objects to that part of the appealed order which appoints a practicing attorney at law of Volusia County as administrator de bonis non with will annexed of the estate of the decedent Sackett, directing him to take custody of any assets of the estate which may be discovered, and to take such action in the proper court as may seem appropriate. It is appellant’s position that such provision of the order appealed constitutes an implied removal of appellant as the duly appointed executor of the decedent’s will, which removal was ordered without appellant being given the opportunity of presenting evidence in opposition to the allegations of the petition filed by appellee, and without ap-pellee being required to adduce any evidence in support of the charges of misappropriation made in her petition.
If the petition filed by appellee was for the purpose of seeking the removal of appellant as the executor of decedent’s estate for any of the causes specified by *910 law,[2] and the order here appealed constituted a removal of appellant as executor, then we would be forced to agree that appellant has not been accorded due process of law, and the order appealed should be reversed. Such, however, is not the case.
The petition filed by appellee was for the sole purpose of securing an order setting aside the order of final discharge and reopening the estate for further administration pursuant to the provisions of F. S. Section 734.26, F.S.A., quoted above. As will be seen by reference to the mentioned statute, an order of final discharge shall not prevent a revocation of the order of discharge or the subsequent issuance of letters testamentary or of administration, if other property of the estate is discovered or if it becomes necessary or proper for any cause that further administration of the estate be had. The order appealed merely vacates and sets aside the order which finally discharged appellant as executor of decedent’s estate, and appoints a local attorney of Daytona Beach as administrator de bonis non with will annexed of the estate.
American Jurisprudence states that the final settlement of an estate and the discharge of the representative do not, in many jurisdictions, prevent the appointment of an administrator de bonis non to reach and administer assets not administered upon in the former administration.[3] The Florida probate law specifically authorizes such procedure in this state.[4] We further find in American Jurisprudence the following:
“Procedure in Making Appointment. —Generally speaking, the same procedure is followed in the appointment of an administrator with will annexed or of an administrator de bonis non as is followed in the case of the appointment of an original administrator. An application or petition must be filed which states sufficient jurisdictional facts, and notice must be given to those entitled to administer the estate, in the manner prescribed with respect to the appointment of an original administrator. The persons who may properly be appointed to act as administrators with will annexed or as administrators de bonis non are to be determined by the statutes which determine 'the rights and priorities of persons entitled to appointment in the first instance. * * ” [5]
In discussing the procedure to be followed in the appointment of an administrator de bonis non to administer subsequently discovered assets following the entry of an order revoking an order of final discharge, Corpus Juris Secundum says:
“ * * * Statutory provisions respecting the right to appointment as administrator de bonis non must be complied with; but the general rule is that persons are entitled to administration de bonis non in the order in which they would have been entitled to an original grant in case of intestacy or to letters with the will annexed in case there is a will. Accordingly the right follows the interest in the estate, and next of kin are entitled to appointment in case of intestacy, while the residuary legatee is usually preferred in case there is a will. * * * ”[6]
If further assets of the Sackett estate are discovered or come into the hands of the administrator de bonis non for distribution, the net amount so realized will be distributed to appellee as the residuary legatee under the will. Since the individual *911 appointed by the court as administrator de bonis non with will annexed of the estate is a qualified attorney, it must be assumed that his appointment was with ap-pellee’s knowledge, consent and approval. To say the least, nothing appears in the record before us to indicate that any question as to the propriety of the appointment made by the county judge to complete administration of the Sackett estate has been raised by anyone entitled by law to priority of appointment. We find nothing in F.S. Section 734.26, F.S.A., above quoted which requires that upon revocation of an order of final discharge, the previous executor or administrator must be appointed administrator of the estate in the subsequent proceedings. It would appear that such appointment is controlled by the order of preference in the appointment of administrators as provided in the Florida probate law.[7] This being the case, appellant is in no position to raise a question as to the right of the person appointed by the court to conduct and complete the subsequent administration of the estate here involved.
 Lastly, appellant complains about that part of the order appealed which provides “that the said W. Cecil Grant shall stand by and do and abide whatsoever this court or any other court having jurisdiction of said cause, may lawfully consider.” Appellant’s complaint is not without justification. It is not clear to us, nor do we care to speculate, as to just what the county judge had in mind when he incorporated the above-quoted provision in his order revoking the order of discharge. It seems trite to say that all past actions of appellant, both individually and as executor of the Sackett estate, are presumed to have been lawful and proper in all respects until the contrary is established in a proper proceeding in which appellant is afforded due process and equal protection of the law. There is nothing in the record before us to justify the county judge in ordering appellant to conform with and abide by orders, judgments, or decrees which have not yet been entered by any court on any subject touching upon appellant’s obligations and liabilities growing out of his association with the decedent, or his duties as executor of her estate. The foregoing quoted portion of the order appealed is held to be surplusage and is hereby quashed and reversed. In all other respects the order appealed is affirmed.
STURGIS, C. J., and CARROLL, DONALD K., L, concur.

. In Re Brown’s Estate, (Fla.App.1961) 134 So.2d 290; Moskovits v. Moskovits, (Fla.App.1959) 112 So.2d 875; Dacus v. Blackwell, (Fla.1956) 90 So.2d 324.

. F.S. § 734.11, F.S.A.

. 21 Am.Jur. 814, Executors and Administrators, § 776.

. F.S. § 734.26, F.S.A.

. 21 Am.Jur. — Executors and Administrators, § 777, pp. 814-815.

. 34 C.J.S. Executors and Administrators § 1019, pp. 1275-1276.

. F.S. § 732.44, F.S.A.