BARKDULL, Judge.
Samuel Deutsch died intestate on April 30, 1959. His estate was probated in the ■County Judge’s Court of Dade County. At ■the time of his death he was not survived by issue, spouse nor ancestor, but was survived by one sister and three nephews, sons of his two deceased brothers. The ■sister of the deceased, Rose Iseman, executed a waiver of entitlement to letters of .administration as the “sister and sole heir-.at-law” in favor of her daughter, the appellant Jennie Karpo. Thereafter, Jennie Karpo, a non-resident, duly qualified as the administratrix and filed her petition in the records of the probate court, which reflected that the decedent “left him surviving as next of kin and heirs-at-law '■* * * Rose Iseman”; that she duly appointed a resident agent in this State and 'executed an appropriate surety bond. The probate proceeded to termination and she was finally discharged on April 27, 1961.
Subsequent thereto, in December, 1965, Albert M. Deitsch, Joseph L. Deitsch and Louis Deitch, the nephews, instituted a chancery proceeding in the Circuit Court of Dade County, Florida, charging fraud in the administration of the estate by the appellant, Jennie Karpo, and her mother, Rose Iseman, in that they concealed from the plaintiffs the true worth of the estate of the deceased and concealed from the probate court the fact of the relationship of the plaintiffs to the decedent as heirs-at-law, and sought relief, among other things, .against the appellant, Jennie Karpo, as ad-ministratrix and her surety to require her to account to them for two-thirds of the .assets of the decedent’s net estate. Service was had upon the original resident agent of the appellant, Jennie Karpo. She failed to respond thereto by appropriate pleadings within the time provided by the rules of procedure. A decree pro confesso was entered against her and, subsequently, a final decree awarding the plaintiffs the relief sought. Subsequent to the entry of the final decree, Jennie Karpo filed a motion to vacate final decree and decree pro confesso upon which it was entered, and tendered an answer which raised, among other things, the following defenses: laches, estoppel and statute of limitations. Following a hearing on this motion, the chancellor vacated the final decree and the decree pro confesso upon which was entered as to plaintiffs, Louis Deitch and Albert M. Deitsch, but let the final decree stand in favor of the plaintiff, Joseph L. Deitsch.
Upon this appeal, the appellant contends that the court failed to secure jurisdiction over her personally by service on her resident agent, named in the probate proceedings. Second, that the court erred in failing to vacate the final decree and decree pro confesso as to Joseph L. Deitsch. The appellees have cross-assigned as error the vacation of the final decree and the decree pro confesso as to Albert M. Deitsch and Louis Deitch.
We find that the service upon the resident agent named in the probate proceedings was sufficient to visit the trial court with jurisdiction over the non-resident administratrix in this action, alleging fraud in the procurement of the final order of discharge. See: Krivitsky v. Nye, 152 Fla. 614, 12 So.2d 595. Counsel for the appellant has also urged that the circuit court was without jurisdiction because of the provisions of § 734.23, Fla.Stat., F.S.A. We find this point not tó be well taken, in view of the nature of the charges in the original complaint being fraud, [see: Krivitsky v. Nye, 155 Fla., 45, 19 So.2d 563; Vol. 1, 3rd Ed., Redefearn, Wills and Administration of Estates in Florida, § 309, fn. 230] and hold that this would not be a complete bar to the instant action. To do so would permit a fiduciary to benefit from its alleged wrongful acts if it could conceal them for the statutory period. See: Dacus v. Blackwell, Fla.1956, 90 So.2d 324; Connelly v. Florida National Bank of Jacksonville, Fla.App.1960, 120 So.2d 647. This would not prevent the trier of the facts [upon the return of this matter to the trial court] from determining that the plaintiffs may have been guilty of laches in failing *182 to make a timely investigation or in failing to present their claim within a reasonable time after discovering the alleged fraud.
As indicated, the three plaintiffs were nephews of the deceased. Two of them were sons of one pre-deceased brother of Samuel Deutsch and one was the son of another pre-deceased brother. The trial court vacated the final decree and decree pro confesso upon which it was based as to one of the two nephews who were brothers and as to the other nephew who was the sole son of the other pre-deceased brother. It is apparent that the trial judge felt that there was justifiable excuse in the failure to plead timely as to two of these plaintiffs, but not as to the third; or that there was no meritorious defense as to him. We see no basis for the distinction and hold he abused his discretion in not vacating the final decree and the decree pro confesso in favor of the plaintiff, Joseph L. Deitsch, who stood in the same relationship to the deceased as his brother, Albert M. Deitsch.
Concurring in the position of the appellant [that the chancellor committed error in failing to vacate the final decree and decree pro confesso as to Joseph L. Deitsch], conversely we find no merit in the appellees’ cross-assignment [that the chancellor committed error in vacating the final decree and decree pro confesso as to the claims of the remaining plaintiffs]. See: Gordon v. Vaughan, Fla.App.1967, 193 So.2d 474.
We make no judicial determination of the validity or invalidity of the defenses of estoppel or laches urged by the answer of the appellant, except to say [as indicated above] we find no merit in her contention that the provisions of § 734.23, Fla.Stat., F.S.A. would be a complete bar to the action. The cause is returned to the chancellor to take evidence on the issues as made by the pleadings, save and except on this defense, and to render a decision based on the law applicable to the facts as he may find them.
Reversed and remanded with directions.