LILES, Judge.
Defendants have appealed from an adverse summary judgment in the trial court holding that they do not hold any interest in a 14-acre citrus grove which formerly belonged to one Lavina E. Wandrey. Defendants had claimed ownership to this grove through the will of Mrs. Wandrey.
Paragraph eight of Lavina E. Wandrey’s last will provides in pertinent part as follows:
“I give, bequeath and devise to my sister, LOUISE SMITH, all of my real property together with all the furniture and furnishings in the buildings thereon, in trust, nevertheless, for the following uses and purposes:
A — My sister, LOUISE SMITH, shall have the right to occupy the first floor of the home on said premises so long as she shall live.
B — CLYDE GUILLIAMS and AGNES GUILLIAMS, his wife, shall have the right to occupy the remainder of said home so long as my sister shall live and said GUILLIAMS shall manage the citrus grove and ferneries on said property and shall have the income therefrom so long as my sister shall live, provided said GUILLIAMS shall promptly pay all taxes on said property, all utilities for said home on said property, all necessary repairs to said property, and all fire insurance thereon.
“Upon the death of my sister, the title to the citrus grove on said property consisting of approximately 14 acres, shall vest in said GUILLIAMS, subject to an easement across said citrus grove *635 from the highway to Lake Eustis, provided said GUILLIAMS have discharged their duties as set forth herein.”
We are therefore called upon to construe this portion of Mrs. Wandrey’s will.
Testatrix died on February 17, 1960, and Louise Smith, her sister and residuary legatee of this will, was appointed executrix pursuant to instructions in the will. On December 9, 1960, Louise Smith was adjudicated incompetent and on December 21, 1960, defendant, Agnes Guilliams, was substituted as personal representative of the estate of Lavina E. Wandrey, deceased. Louise Smith died on January 14, 1962, and defendants claim that after her death title to the citrus grove vested in defendants Guilliams pursuant to paragraph eight of the will. During the time period between the death of Mrs. Wandrey and the death of her sister, Louise Smith, the income from the sale of citrus from the grove amounted to $23,882.65. Also during this time Mr. Guilliams was paid a total of $2,650.00 for services in caring for the citrus grove.
The trial court held that defendants did not obtain title to the citrus grove on the death of Louise Smith because they had failed to comply with the conditions precedent set forth in the above-quoted paragraph of the will. Defendants argue that the conditions set forth in paragraph eight are not conditions precedent but rather are conditions subsequent and therefore did not prevent the title to the citrus grove from vesting on Louise Smith’s death.
In reviewing paragraph eight of Mrs. Wandrey’s will this court is compelled to hold that by the plain terms of this paragraph Mrs. Wandrey established certain conditions precedent to the vesting of title to the grove in defendants. They are conditions which should have been satisfied prior to the time of vesting. In the first place, one condition precedent was the death of Louise Smith. This condition was fulfilled on January 14, 1962. However the other condition was that defendants prior to this time discharge several specified duties. It provided that “title to the citrus grove * * * shall vest in said GUILLIAMS * * * provided said GUILLIAMS have discharged their duties as set forth herein.” [Emphasis supplied.] This language clearly evidences an intent to impose conditions precedent rather than conditions subsequent. These duties were that the Guilliams “promptly pay all taxes on said property, all utilities for said home on said property, all necessary repairs to said property, and all fire insurance thereon.” Paragraph eight also provided that the Guilliams manage the citrus grove and that they shall have the income from this grove.
The trial court found that defendants did not perform these conditions and our review of the record indicates that this finding was correct. Defendants now argue that because paragraph eight also provided them with the income from the grove, and because the income for this period, $23,-882.65, was paid directly into the estate and not to defendants, they should be excused from having to perform these conditions. It is unfortunate that this income from the grove was exhausted by other estate expenses, and that in fact the estate was compelled to mortgage the grove for $17,000. Even now the balance of funds left in the estate is inadequate to pay all of the estate expenses. The estate had prior claim to this income. Section 733.01, F.S.A.
The mere inability to perform a condition precedent by potential devisees does not relieve them of the duty to so perform. 12 Fla.Jur. Estates § 28. Impossibility of performance is usually no excuse, especially where the subject of the devise is real property, and here neither the testatrix nor any third person rendered performance impossible. See Annot., 39 A.L.R.2d 522. The fact defendants may not have had the financial ability to fulfill the conditions precedent set up by Lavina E. Wandrey for vesting of title to the citrus grove in them does not relieve them *636 of the duty to so perform. Not having[1] performed as required by paragraph eight of the will, title to the citrus grove has never vested in defendants. The trial court properly held that this devise lapsed and went to the residuary legatee.
This conclusion is not unfair in light of the fact that a total of $2,650.00 was paid to Mr. Guilliams by Mrs. Guilliams as personal representative of the estate for his services in managing the citrus grove. This amount of money was more than sufficient to meet the financial obligations of defendants imposed by these conditions precedent, and they could have used this money to fulfill them. Also, it can be seen that paragraph eight provided that the Guilliams were to manage the citrus grove but made no mention of compensation. The Guilliams are now arguing that they own the very grove the estate paid them to manage.
Defendants argue that no demand for performance of these conditions precedent was made upon them. This argument is without merit. There is no requirement that the estate demand that the potential devisee perform what the will itself requires be performed. Defendants might have an argument if they had no knowledge that these conditions were imposed upon their devise, but such is not the case. Furthermore, Mrs. Guilliams herself was personal representative of the estate for most of the time that these conditions were to be performed and cannot now be heard to complain that she should have made demand upon herself and her husband for what they knew was required of them by the will.
We find nowhere in the record that performance of these conditions was waived by the testatrix or any party in interest; likewise, performance by defendants was not frustrated by any person who stood to gain should the land not vest in defendants. See In re Estate of Mollard, Fla.App.1957, 98 So.2d 814.
We have examined the other points raised on the appeal and find them to be without merit.
Affirmed.
HOBSON, C. J., concurs.
McNULTY, J., dissents with opinion.

. See 96 C.J.S. Wills §§ 994 et seq.; and see also, 5 Bowe-Parlter: Page on Wills, § 44.4