290 So.2d 528 (1974)
In re ESTATE OF Will Paul BATEMAN, Deceased.
No. 73-599.
District Court of Appeal of Florida, Third District.
February 12, 1974.
*529 John H. Lewis, Hollywood, for appellant.
Shutts & Bowen and Phillip G. Newcomm, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
On February 2, 1971, the appellant filed in the trial court a petition to re-open the administration of the Estate of Will Paul Bateman. Appellant is a cousin of the decedent, and he seeks to claim a legacy under the will of $5,000 in cash and certain watches. However, the terms of the will provided that the bequest, if the same were not claimed in writing from the executor within eight months of the testator's death, would lapse.
On March 4, 1966, the executor of the estate was discharged, and no timely claim for the bequest had been made. Therefore, the bequest lapsed and became a part of the residuary estate which in turn became part of the corpus of a testamentary trust established by the testator.
The trustees, appellees H.N. Boureau and the First National Bank of Miami, filed a motion to dismiss the petition for reopening which the trial court granted, and dismissed the petition with prejudice.
Appellant raises two points on appeal: (1) the petition for re-opening was proper under Fla. Stat. § 734.26, F.S.A., and Fla. Stat. § 734.23, F.S.A., is not applicable to this case; and (2) the bequest did not lapse by virtue of appellant's failure to comply with the condition stated in the will because the executor did not exercise reasonable diligence to locate him.
With respect to appellant's first point, we hold that Section 734.23 is applicable in this case, and Section 734.26 is not. The latter statute is clearly applicable to situations wherein newly discovered property is involved or "if it becomes necessary or proper for any cause that further administration of the estate be had." See *530 In re Sackett's Estate, Fla.App. 1965, 171 So.2d 906.
Section 734.23 bars suits against a personal representative unless commenced within one year from the date of discharge. This section is not an absolute bar to a suit filed after the one year period, for example in a situation where the personal representative has exercised fraud. Karpo v. Deitsch, Fla.App. 1967, 196 So.2d 180. However, we do not accept the appellant's narrow interpretation that the statute is intended only to limit the liability of a personal representative, and is inapplicable in the instant case. Appellant concedes that the executor acted neither fraudulently nor dishonestly in the cause sub judice, but only that he "failed to make reasonably diligent efforts to locate" the appellant so that he could comply with the condition in the will.
The executor, also Mr. Boureau, served over two years until administration of the estate was completed. There is an indication that he did in fact make efforts to locate the appellant during the eight months period. It was then almost another five years before the petition to re-open was filed. Under these circumstances, even if Section 734.26 were applicable, we do not think it was "necessary or proper" that the administration of the estate be reopened.
Appellant's second point that the bequest did not lapse also must fail. The testator clearly made the bequest conditional upon a claim in writing to the executor within eight months of the testator's death. It is axiomatic that the testator could attach any lawful condition he wished to a gift. See 35 Fla.Jur., Wills § 345. When a testamentary gift is subject to a valid condition precedent, the condition must be strictly performed. 35 Fla.Jur., Wills § 346. No doubt there are situations where an executor is under a duty to notify a legatee of a condition imposed by a testator, but the facts of this case (where the legatee was not seen nor heard from for over seven years) fail to demonstrate that it was the executor who did not exercise reasonable dilgence.
Therefore, for the reasons stated and upon the authorities cited, the order appealed is affirmed.
Affirmed.