JORGENSON, Judge.
Richard A. Sinnes appeals from an order of the probate division of the circuit court determining that a bequest to Sinnes under the will of Dominick J. Napoli lapsed due to Sinnes’ failure to fulfill express' conditions precedent to the bequest. For the following reasons, we reverse.
The testator died on June 24,1991, leaving an estate in excess of $7,000,000. One of the codicils to the testator’s last will and testament provided:
Further, I revoke and annul the bequest -of Fifty Thousand ($50,000.00) Dollars made to RICHARD SINNES, in Article XII, Paragraph B, Subparagraph 1 of my said Will; and in lieu and substitution thereof I bequeath the sum of Fifty Thousand ($50,-000.00) Dollars to RICHARD SINNES, if he shall be employed by DAN NAPOLI, individually, and DAN NAPOLI, d/b/a DAN NAPOLI MORTGAGE COMPANY, as an accountant at the time of my death, provided as follows:
A. That RICHARD SINNES shall serve as Trustee for the full term of any trust created by this Will.
B. That RICHARD SINNES shall serve as the accountant for my estate, and that, in the opinion of my Personal Representative, his fees are reasonable, and, further, that the quality of his work is at least equal to generally acceptable performance within his profession.
C. If any, or all, of these conditions shall fail, then this gift shall lapse and be distributed pursuant to Paragraph B of this Article XII, Subparagraph 1; this gift shall not be distributed to RICHARD SINNES until all trusts created under this Will shall have terminated.
Sinnes is the husband of one of the testator’s grandchildren and the father of three of the testator’s great-grandchildren. Sinnes and the testator had a close business and personal relationship and Sinnes served as accountant for the testator’s mortgage company until his death.
The testator nominated as his two co-personal representatives, his son Dominick J. Napoli, Jr., and his attorney, August J. Pere-no. Dominick, Jr., and Pereno also were named as two of the residuary legatees of the estate. Immediately following the testator’s death, Dominick, Jr., instituted a will contest proceeding and the formal appointment of the co-personal representatives was delayed. Pereno petitioned the court and requested that Sinnes be appointed curator of the estate during the interim to marshal and protect the assets of the estate. Sinnes was appointed curator and performed the duties of collecting assets and paying debts. Sinnes also acted as accountant for the estate and prepared and filed the Federal Estate Tax Return, Form 706. The tax return later *997 passed an audit.[1] Dominick, Jr., and Pereno resolved their differences and were finally appointed co-personal representatives; Sinnes filed his final accounting as curator and applied for fees in excess of $70,000. The court then awarded Sinnes $61,916.25 as a reasonable curator’s fee.
At this point, the relationship between Sinnes and the co-personal representatives soured. Sinnes, being aware of the conditions to his bequest, advised the co-personal representatives that he was ready, willing, and able to serve as the estate accountant and trustee. However, Dominick, Jr., felt. that Sinnes had severely overcharged for his services as curator. Without asking Sinnes what his fee would be for serving as estate accountant, the co-personal representatives refused to appoint Sinnes to the position, thereby precluding him from fulfilling one of the conditions of his bequest. The co-personal representatives successfully petitioned to terminate the trusts under the will and Sinnes was therefore prevented from serving as trustee. The co-personal representatives then filed a petition to determine beneficiaries. The trial court found that the intent of the testator was that Sinnes’ bequest should lapse if the express conditions precedent were not fulfilled.
The trial court abused its discretion in determining that the intent of the testator was that the bequest lapses. Sinnes’ position as a member of the testator’s family and as a close business associate make him a natural object of the testator’s bounty. Sinnes’ ability to perform the conditions of the bequest was made impossible by the acts of the co-personal representatives who stand to gain because, as residuary legatees, they will take a part of any lapsed gift. “Where ... the impossibility arises not from some natural event beyond the control of anyone but from a volitional act or course of conduct on the part of someone other than the beneficiary, the courts have made a somewhat greater effort to discern what the testator would have done had he foreseen the problem.” Muffoletto v. Melick, 72 Md.App. 551, 531 A.2d 1285, 1289 (1987).
In re Estate of Mollard, 98 So.2d 814 (Fla. 1st DCA 1957), dealt with this precise issue. In Mollard, a husband, knowing that his wife had bequeathed $5,000 to her private nurse subject to the condition that she was still employed by his wife at the time of her death, arbitrarily discharged the nurse only 20 days before his wife’s death. The husband was the residuary legatee. The First District held, “[I]t would be unconscionable and totally without honorable precedent to permit a residuary legatee to become enriched by his arbitrary act of discharging [the nurse] ... and to thus produce the fiction that the legacy failed because it was a condition thereof that the legatee be in the testator’s employ at the time of her death.” 98 So.2d at 816.
Wooster School Corp. v. Hammerer, 410 So.2d 524 (Fla. 4th DCA 1982), extended the reasoning in Mollard:
We agree with the holding in the Mollard decision based upon its facts. However, we would not limit the spirit of that decision to its facts. Certainly, a third party who prevents performance of a condition precedent should not be allowed to rely on nonperformance where that party (as in Mollard) stands to gain by preventing the performance; but we do not believe that excusing nonperformance should be restricted to cases in which the third party preventing performance is one who stands to gain by his act. There is respectable authority for a less restrictive exception which would excuse nonperformance caused by a third party whether the third party stands to gain thereby or not.
410 So.2d at 527; see also, Sonya A. Soehnel, Annotation, Effect of Impossibility of Performance of Condition Precedent to Testamentary Gift, 40 A.L.R.4th 193 (1985). The court further noted that, where it becomes impossible for a beneficiary to comply with a condition precedent without fault of the beneficiary, performance should be excused unless it can be determined that performance of *998 the condition was the controlling motive for the making of the bequest. Wooster School, 410 So.2d at 527. “The determining inquiry should be whether the testator’s intent in making a bequest was to benefit the donee or to obtain strict performance of some important act in any and all events, with the donee being paid, by way of the bequest, for performing the act.” Id. In this context, we note that the language of Sinnes’ bequest expressly provides for payment of accountant fees to Sinnes for his services over and above the amount of the bequest. Furthermore, Article XVIII of the testator’s will provides that Sinnes shall receive a trustee’s fee of $250 for attendance at any meeting of the trustees. Therefore, it is clear that the testator did not intend that the bequest was payment for Sinnes’ performance of the duties of estate accountant and trustee.
There is nothing in the record to suggest that the testator foresaw or reasonably could have foreseen that the co-personal representatives would preclude Sinnes from performing the conditions precedent to his bequest. We conclude that, if the testator had foreseen these circumstances, he would have desired that strict compliance be excused. We therefore reverse the lower court’s order that the $50,000 bequest to Sinnes lapses and remand for proceedings consistent with this opinion.
Reversed and remanded.

. Preparation of Federal Estate Tax Form 706 is one of the significant duties of an estate accountant. Arguably, Sinnes did substantially fulfill the condition precedent of his bequest requiring him to serve as estate accountant.