SCHWARTZ, Chief Judge
(specially concurring).
This is a fascinating case in which one of the two goddaughters who were the named residual devisees of the testatrix’s $400,-000.00-plus estate turned up several years after the estate had been closed, after she had quite erroneously been declared dead by the circuit court, and after all the proceeds had been distributed to the other devisee. Because, insofar as the record shows,[1] diligent, although futile, efforts had been expended to find her, I must agree with affirmance of the order before us denying her motion to reopen the estate. See Estate of Bateman, 290 So.2d 528 (Fla. 3d DCA 1974); Phillips v. Ball, 1960 OK 145, 358 P.2d 193 (Okla.1960).
It should be pointed out, however, a separate action may now be successfully maintained against the other devisee to impose a constructive trust upon the half of the estate that that devisee received, but which in law and equity belongs to the appellant. As the Restatement says:
§ 126. Rights of Intended Payee or Grantee. Business Transaction.
(1) Where a person has paid money or transferred property to another in the erroneous belief, induced by a mistake of fact, that he owed a duty to the other so to do, whereas such duty was owed to a third person, the transferee, unless a bona fide purchaser, is under a duty of restitution to the third party.
:¡: * *
Illustrations:
2. A, administrator of B’s estate, pays money out of the assets of the estate to C, B’s brother, whom both A and C believe to be B’s sole relative. Later D, B’s son and next of kin, believed to be dead, appears. D is entitled to restitution from C. (e.s.)
Restatement (First) of Restitution § 126 comment c (1937). Accord Phillips, 1960 OK at 145, 358 P.2d at 193; Hewitt v. Hewitt, 17 F.2d 716 (9th Cir.1927); 31 Am.Jur.2d Executors and Administrators § 964 (2003). See also Kramer v. Freedman, 272 So.2d 195 (Fla. 3d DCA 1973)(constructive trust imposed on beneficiaries although direct attack on validity of will in probate court failed), cert. discharged, 295 So.2d 97 (Fla.1973).

. The "missing" devisee, with the commonplace name of Dr. Jane Elizabeth Espejo Norton, was a physician admitted to practice in both California and Florida.