PEARSON, Judge.
This appeal is by the executors of the last will and testament of Victor Broom, deceased. The final order of the probate court, which is appealed, is entitled, “Order concerning homestead” and holds that a certain portion of decedent’s property is homestead property and, as such, is not subject to the will.
We find that the determinative question before us is presented by appellant’s Point One which urges that the County Judge did not have jurisdiction over the subject matter to find and declare that “Lot 5, together with that portion of Lot 4, being 30' in width of said Lot and next adjoining the property line of Lot 5” was homestead property.
Victor Broom died on November 19, 1966, a resident of Dade County, Florida, leaving a will naming appellants, The Miami Beach First National Bank and William Archie Brown, executors and trustees. Letters Testamentary were issued to both appellants on November 23, 1966. The decedent was survived by a wife (appellee here) and three sons, Clifford, Brian and Michael. Clifford was the son of a prior marriage, Brian and Michael were issue of the ap-pellee and the deceased. Under the will, the wife was given the typical marital deduction trust and the residuary estate was bequeathed outright to two sisters of the deceased, his former wife, his three sons, and the wife of his son Michael, in unequal shares, Clifford receiving the largest of all shares in the residue.
The decedent, at the time of his death, was vested in fee simple title to:
Lots 3, 4 and 5, Block 55 of NORMANDY GOLF COURSE SUBDIVISION, according to the Plat thereof, recorded in Plat Book 44 at Page 62 of the Public' Records of Dade County, Florida.
There is a two-story, nine unit apartment house on Lot 3, one of which units consists of a one-story CBS apartment unit encroaching approximately 20 feet on Lot 4. Likewise, there is a two-story, nine-unit apartment house on Lot 5 with a one-story CBS apartment unit encroaching approximately 20 feet on Lot 4. Each apartment house is under a separate roof. The two apartment houses are known as the “Calcutta Apartments”. The building on Lot 3 and the building on Lot 5 converge toward each other on the northerly side of the property and are within 20 feet of each other at a point on Lot 4. Lot 4 is also a common courtyard to both apartment houses and contains a common entrance way. The dock and boat slips are located on Lot 4 and are used by the tenants in both apartment houses. The apartment house situated mainly on Lot 5 but encroaching on Lot 4 was adjudged to be a homestead by the court below. Lots 3, 4 and 5 are contiguous. Adjoining the three lots are Lots 6 and 7, also owned by the deceased at the time of his death. Lots 6 and 7 were improved by rental units known as the West-minister Apartments.
The decedent and the appellee wife lived in a seven room furnished waterfront apartment in the apartment house located essentially on Lot 5. The decedent rented all other apartments in the Calcutta Apartments and also rented the Westminister Apartments. The appellee was the only witness who testified at the final hearing. *71 She testified that she and the decedent had been married some 39 years prior to his death. The record shows that the deceased earned his livelihood from renting the apartments and that homestead exemption for tax purposes was granted on Lot S for the year 1966. There was no distinction made for bookkeeping purposes between the Westminister and the Calcutta Apartments.
The question of the jurisdiction of the County Judges’ Court to give complete relief under the petition, of the widow was properly raised in the trial court. The following portion of the order of the County Judge demonstrates a careful consideration of this question:
“As stated above, the Court is bound, however, by prior decisions concerning Homestead property and apartment houses, and the Court does hereby find and declare that Lot 5 of said Normandy Golf Course Subdivision, with the apartment house thereon, together with that portion of Lot 4, being 30 feet in width of said lot and next adjoining the property line of Lot 5, both of which constitute less than one-half acre of ground inside of an incorporated city,[1] as homestead property of said deceased Victor Broom. The Court bases its opinion and order on In re: Noble’s Estate, being 73 So.2d 873, wherein the Supreme Court ruled that the County Judge has authority to determine the homestead character of property. The Court stated that title question “is consequential,” and the fact that awkward situations might result would not bar the exercise of jurisdiction by the County Judge. This certainly also would apply to boundary.
“The County Judge has jurisdiction to determine homestead property from status or use of the same. Also, in the Weiss Estate [Fla.App.] 102 So.2d 154,
‘The appellant challenges the jurisdiction of the County Judge to make this order upon the basis that it is an action involving the title of real estate; a matter reserved to the exclusive jurisdiction of the Circuit Court * * * ’.
But the Court affirmed the holding in re Noble’s Estate to the effect that the County Judge had the duty to determine the homestead status of the property and stated that ‘ * * * how the title shall descent or be transformed into a life estate and eventually vest in descendents is consequential * * * ’ (italics added).
“During the course of the hearing, on the Motion for a Rehearing, argument was made by the Attorney for the Executors that proper parties were not cited under the Petition to Determine Homestead, stating that there were certain beneficiaries and contingent beneficiaries who should have been cited. The Court assumes that said attorney was referring to certain provisions in the Will of said Victor Broom dated July 18, 1966. The Court had determined that Lot 5 with apartment house thereon, together with that portion of Lot 4 being 30 feet in width and immediately adjoining the lot line of Lot 5, is homestead property. Being homestead, it is not subject to will and the only interest parties, therefore, under the homestead statute are the widow and the lineal descendents, — the widow taking a life estate and the lineal descendents the remainder. In this estate the records show that there are a widow and three lineal descendents.
“In addition to what has been determined as homestead, being all of Lot 5, together v/ith apartment house thereon, and 30 feet wide of adjoining Lot 4, next adjacent to lot line 5, the Court has examined the survey filed in evidence by the attorney for the Executors and admitted; and, after examining the same, it shows that on Lot 4 of said subdivision there are two septic tanks — the uppermost one being near the line between *72 lots 4 and 5 and about midway between the two circles of the shown sidewalk, and the other on Lot 4 at the lot line between Lots 4 and 5, both being within the 30 feet hereinabove described. Therefore, this is further consideration that portions of Lot 4 as the Court has found are a part of said homestead, being less than one-half acre altogether.”
The difficult problem of the extent of the trial judge’s jurisdiction, upon a petition for determination of homestead, arises out of the provisions of Art. 5, § 6(3) of the Constitution of Florida, F.S.A. This section provides in part as follows:
“The circuit courts shall have exclusive original jurisdiction * * * in all cases involving the legality of any tax, assessment * * * in all actions involving the titles or boundaries of real estate if; if; if;
Section 7 of the same Article of the Florida Constitution provides in part as follows:
“ * * * the County Judges’ courts shall have jurisdiction of the settlement of the estate of decedents * * * to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate. if; if; * ”
Pursuant to the authority of a County Judge’s Court to settle estates, the legislature has enacted § 731.27 Fla.Stat., F.S.A. This section reads in part as follows:
“The homestead shall descend as other property; provided, however, that if the decedent is survived by a widow and lineal descendants, the widow shall take a life estate in the homestead, with vested remainder to the lineal descendants in being at the time of the death of the decedent.”
This problem has been dealt with by the Supreme Court of Florida in In re Weiss’ Estate, Fla.1958, 106 So.2d 411. We believe the holding in that case to be:
“We cannot stop here and say that the county judge has been held to be vested with jurisdiction not only to decide whether or not given property possesses homestead character but to go further and determine the interests of the respective parties in it. It has only been decided that in order to eliminate such property from consideration as a part of the estate, Wakeman v. Noble, supra [Fla., 73 So.2d 873], the administration of which he is required to supervise, he may adjudicate its homestead status while, by the decision of the district court[2] in the instant litigation, if a genuine dispute arises about the ‘consequential’ interests making it necessary to construe the statutes regulating descent, title then becomes involved and the jurisdiction of the circuit court attaches.”
It therefore follows that the order appealed which does more than declare the status of homestead property is, to such an extent, beyond the jurisdiction of the County Judge’s court.
This determination must be based on factual considerations concerning the nature and use of the property. However, it is our opinion that the drawing of boundary lines falls within the exclusive jurisdiction of the circuit court and that the County Judge is precluded from making boundary determinations by the express provisions of Art. 5 § 6(3) of the Constitution of Florida.
Therefore, this cause is remanded to the trial court for the entry of a second amended order concerning homestead which shall determine the property held to have homestead character but which will leave the drawing of the boundaries of the site and legal effect of his order as to title, for the action of the circuit court in an appropriate proceeding filed therein.
Reversed and remanded.

. The question of the applicability of this area restriction to homesteads for descent and distribution is not presented on this appeal.

. In re Weiss’ Estate, Fla.App.1958, 102 So.2d 154.